# EXHIBIT C

## Exhibit C
**PROMISSORY NOTE**

**$800,000.00**                                                        Dated: October 31, 2019

For value received, the receipt and adequacy of which are hereby acknowledged, the undersigned, **ONPOINT ACQUISITIONS, LLC** (the *"Maker"*), jointly and severally promises to pay to the order of **DAN PETERSON, AS TRUSTEE OF THE DAN D. PETERSON LIVING TRUST DATED APRIL 2, 2009** (the *"Holder"*), 9141 E. Sutton Dr., Scottsdale, AZ 85260, or such other place as the Holder hereof may from time to time specify, the principal amount of Eight Hundred Thousand and 00/100 Dollars ($800,000.00) inclusive of interest from the date hereof as specified herein.

All outstanding principal and interest shall be payable in full in one lump sum thirty-six (36) months from the date hereof (the *"Term"*).

This Note may be prepaid in whole or in part at any time or times without penalty. All prepayments shall be applied first against accrued late fees, then against accrued interest, then against the installments of principal payable hereunder in the inverse order of maturity.

The Maker represents that this debt arose in a business transaction pursuant to the Membership Interest Purchase Agreement by and between Maker and Holder, dated effective as of October 31, 2019, for the purchase of all of Seller's membership interests in Dan Peterson Property Management, LLC (the *"Purchase Agreement"*). This Note is secured by a Pledge Agreement of even date herewith (the *"Pledge Agreement"*) covering all of the Membership Interests in Dan Peterson Property Management, LLC acquired by Maker under the Purchase Agreement. Reference is made to the Pledge Agreement for additional rights of the Holder in the event of default thereunder, and the terms of the Pledge Agreement are incorporated herein by reference.

Maker may set off any amounts Maker and Holder agree are due and owing to it pursuant to the terms of the Purchase Agreement without the need for a court order for same.

The entire balance of principal then remaining unpaid, plus accrued interest and accrued late fees, shall at once become due and payable at the option of the Holder hereof, without notice or demand, upon any of the following event, each of which shall constitute a default:

    (a)    In the event of non-payment within five (5) business days of when due;

    (b)    Upon the insolvency of any of the undersigned;

    (c)    Any petition or application for any form of relief under any provision of the Bankruptcy Code or any other law pertaining to reorganization, insolvency or readjustment of debts is filed by or against Maker, its assets or affairs;

    (d)    Maker makes an assignment for the benefit of creditors, is not paying its debts as they become due, or is granted an order for relief under any chapter of the Bankruptcy Code;

    (e)    A Trustee, as defined by the Bankruptcy Code, takes charge of any property of Maker;

    (f)    There is a sale, exchange or other transfer of any collateral given to secure payment of this Note without the prior written consent of the Holder; or

    (g)    Any breach or default under the Pledge and Security Agreement.

Failure to exercise any right contained in this Note by the Holder shall not constitute a waiver of the right to exercise such right in the event of any subsequent default. Commencing upon a default hereunder, the entire principal balance outstanding, plus accrued interest and late fees, shall thereafter accrue interest at the rate of eighteen percent (18%) per annum. If Maker shall default under the terms of this Note, Maker hereby agrees to pay and/or reimburse the Holder hereof for any reasonable costs, expenses and/or fees (including, but not limited to, reasonable attorneys' fees) which the Holder hereof incurs in enforcing the terms of this Note and collecting the underlying indebtedness.

In case one or more of the provisions contained herein shall for any reason be unenforceable, invalid or illegal in any respect, such unenforceability, invalidity or illegality shall not affect any other provisions of this Note, but this Note shall be construed as if such unenforceable, invalid or illegal provisions had not been contained herein or if it is equitable under the circumstances, such unenforceable, invalid or illegal provisions shall be reformed, amended and/or construed so as to be enforceable, valid or legal. Nothing contained in this Note shall be construed to require Maker to pay interest at an amount or at a rate that is greater than the highest rate permitted by law. If any interest or other charges paid by Maker results in the computation of interest in excess of the highest rate permissible, then such excess is hereby waived (if such excess has not been paid), or if the excess has been paid, then it shall be treated as a reduction in principal. This Note shall be construed and given effect in accordance with the laws of the State of Delaware.

Holder and Maker acknowledge and agree that this Note, including, without limitation, the payment of interest and principal and the enforcement of this Note, shall be subject to, and is modified by, the terms of the Purchase Agreement. In the event of any conflict between the terms of this Note and the Purchase Agreement, the Purchase Agreement shall control.

ONPOINT ACQUISITIONS, LLC

_____
Name: Chris Jurasek
Title: President