# EXHIBIT I

## THIRD LOAN MODIFICATION AGREEMENT

This Third Loan Modification Agreement (this "Agreement") is made effective as of August 1, 2023 (the "Effective Date"), by and between Fyve LLC, a Delaware limited liability company, as successor in interest to Onpoint Acquisitions LLC (the "Borrower") and Dan Peterson, as Trustee of the Dan D. Peterson Living Trust Dated April 2, 2009 ("Lender").

R E C I T A L S

A.      Borrower and Lender are parties to that certain Promissory Note dated as of October 31, 2019  (the "Note"), as modified by that certain Loan Modification Agreement dated November 1, 2022, arising from that certain Membership Interest Purchase Agreement dated as of October 31, 2019, through which Borrower acquired all membership interests in Dan Peterson Property Management LLC (the "Company").

B.      In connection with the Note, Borrower and Lender entered into that certain Pledge and Security Agreement and Assignment of LLC Interests, both dated as of October 31, 2019 (the "Ancillary Documents");

C.      The Note, the Loan Modification Agreement, the Ancillary Documents and all amendments, restatements, supplements and other modifications thereto are hereinafter collectively referred to as the "Loan Documents".

D.      Borrower has requested extensions of the maturity date of the Note, and Borrower and Lender entered into a Loan Modification Agreement and Second Loan Modification Agreement.

E.      Borrower seeks an additional extension of the maturity date of the Note, and Lender is willing to amend the terms of the Note pursuant to the terms and conditions set forth herein.

NOW, THEREFORE, the parties hereto hereby agree as follows:

AGREEMENT

1.      Definitions.  Capitalized terms used in this Agreement and not otherwise defined herein are used with the meanings given such terms in the Loan Documents.

2.      Amendment to Note.  The Note shall be amended as of the Effective Date as follows:

(a)      Term: the Term of the Note is hereby extended and all remaining unpaid principal and accrued interest will a become fully due and payable on or before October 31, 2023; and

(b)      Interest; Payments: From the Effective Date until fully repaid, interest on the full unpaid balance of the Note shall accrue at the rate of ~~12~~14% per annum, which shall be

PETERSON_000052

paid monthly in advance, beginning on the execution of this Agreement.

3.      Conditions.

(a)      Notwithstanding the foregoing, the validity and enforceability of this Agreement is subject to Borrower's payment of ~~Two~~One Hundred and Fifty Thousand Dollars ($~~250~~150,000.00) to Lender as a principal reduction under the Note as a condition precedent. Such payment shall be made on or before September 1, 2023.

(b)      Borrower shall provide Lender with a written report on (i) Borrower's revenues and business performance for the prior month, (ii) the status of the office space and lease in Arizona, and (ii) the status regarding any offerings, capital raises, sales of all or substantially all its stock or assets, mergers or other third party investments. Such reports shall be given on not less than a monthly basis.

(c)      During the term of this Agreement, Borrower shall continue the employment of Michelle Peterson and Lisa Liggin on their current terms; provided, however, there are no third party beneficiaries of this Agreement and nothing in this Agreement, express or implied, is intended to confer on any person other than the parties hereto (and their respective successors, heirs and permitted assigns), any rights, remedies, obligations or liabilities.

4.      Due on Sale.  So long as any amount remains due on the Note, in the event of a change of control of Borrower, whether by sale of all or substantially all its stock or assets, merger or a third party investment resulting in a transfer of more than 51% of the voting control of the Borrower, the full amount then remaining due under the Note shall accelerate and become immediately due and payable.

5.      Reaffirmation.  Except as amended hereby, the terms and provisions of the Loan Documents remain unchanged, are and shall remain in full force and effect and are hereby  ratified and confirmed. Except as expressly provided herein, this Agreement shall not constitute an amendment, waiver, consent or release with respect to any provision of any Loan document, a waiver of any default under any Loan Document, or a waiver or release of any of Lender's rights and remedies (all of which are hereby reserved).

6.      Estoppel. As a condition to this Agreement, Borrower hereby represents and warrants as follows:

(a)      The Note, Ancillary Documents and any and all amendments thereto (collectively the "Loan Documents") are in full force and effect and contain the entire agreement between the Lender and the Borrower;

(b)      Lender has fully performed any and all of his duties and/or obligations under the Loan Documents;

(c)      No condition exists that would constitute a default by Lender under the Loan Documents;

PETERSON_000053

(d)      Borrower has no claims, counterclaims, credits, defenses or set-offs against Lender; and

~~(e)      During the term of this Agreement, Borrower shall not enter into or terminate any contracts or leases on behalf of Dan Peterson Property Management LLC, except in the ordinary course of business, without the prior written consent of Lender.~~

~~(f~~    (e)      In the event of a default and upon notice and demand from Lender, Borrower shall use its best efforts to cooperatively transition the operation of Dan Peterson Property Management LLC ("DPPM") back to Lender with DPPM's cash accounts holding not less than $20,000.

7.      Release. For just and valuable consideration, receipt of which is hereby acknowledged, Borrower, on behalf of itself and its successors, assigns, attorneys, representatives, and agents, hereby fully release and discharge Lender and his successors, assigns, attorneys, representatives, and agents, from any and all rights, claims, and actions, whether known or unknown, which Borrower ever had, now have, or may hereafter have against, up to and including the date of execution of this Agreement.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first set forth above.

**BORROWER:**      **FYVE LLC**

_____

**By:**
**Name:**
**Title:**

**LENDER:**      **DAN D. PETERSON LIVING TRUST DATED APRIL 2, 2009**

_____

**By Dan Peterson, Trustee**