# EXHIBIT J

| | |
|---|---|
| **Subject:** | Dan Peterson - Fyve |
| **Date:** | Wednesday, August 23, 2023 at 5:03:26 PM Mountain Standard Time |
| **From:** | jdm dcmplaw.com |
| **To:** | John Ferron |
| **CC:** | Chris Jurasek, John Goodman |
| **Attachments:** | DP Revised Draft Third Loan Modification Agreement.docx |

John,

Thanks for the response. I have attached a revised draft of a third loan modification that substantially reduces the requested principal payment and completely removes the objectionable language on contracts/consent. Hopefully this addresses your concerns.

I know that you are not looking to reduce any principal at all. However, Dan clearly is. Further, the principals of Fyve are contributing capital to the company for other perceived needs. Why isn't this treated the same? After all, the reason you need time is to sell or get investment in a company in which a significant asset (i.e. DPPM) hasn't been fully paid for. The members of Fyve want Dan to carry that risk, but since you are optimistic about a liquidity event in the near term then Fyve's members should be bearing that risk. The fact that Dan is only seeking a modest principal reduction should be viewed as a positive, not a negative. Further, we had removed the amendment fee that was in prior loan modifications at the outset. That, together with a reduced interest rate and reduced principal, means that Fyve has lower monthly payments.

As for the contracts, I understand your concerns about what would or would not be covered and how that might affect operations. I went back to the Pledge Agreement and I think it already offers Dan the protection he seeks. The following obligations, among others, from Section 2 of the Pledge already apply to the operation of the business:

f.   Pledgor shall conduct any and all business in the State of Arizona exclusively through the Company.
g.   Pledgor shall not without the Pledgee's prior written consent, which shall not be unreasonably withheld, transfer, assign, or in any way convey any Company account, client or contract.
h.   Pledgor shall not without the Pledgee' s prior written consent, which shall not be unreasonably withheld, cause the Company to borrow funds, encumber or lien the assets of the Company, or allow the assets of the Company to become an accession to other goods.
i.   Pledgor shall not without the Pledgee' s prior written consent, which shall not be unreasonably withheld, sell, lease or otherwise transfer the assets of the Company except in the ordinary course of business.

Please let us know your thoughts on this proposal. We, like you, would prefer to resolve this without a significant disruption to the status quo.

Jace McKeighan
jdm@dcmplaw.com

DiCarlo Caserta & McKeighan PLC
20715 North Pima Road
Suite 108
Scottsdale, AZ 85255
Phone (480) 429-7544 ext. 402
Fax (480) 429-7552

This transmission is intended only for the use of the addressee and may contain information that is confidential. If you are not the intended recipient, be aware that any disclosure, copying, or use of the contents of this transmission is strictly prohibited. If you have received this communication in error, immediately notify the sender by email or telephone (480) 429-7544, and delete the communication.

PETERSON_000022

Page 2 of 2