# EXHIBIT L

**Subject:** Re: Dan Peterson
**Date:** Wednesday, August 16, 2023 at 5:54:04 PM Mountain Standard Time
**From:** jdm dcmplaw.com
**To:** John Ferron
**CC:** John Goodman, Chris Jurasek

John,

My intent was not to frustrate you. The point of the call the other day was for Dan to hear Fyve's side of things. We did not agree to do anything but consider Fyve's position, which we did. Dan made his concerns about the lack of any principal payments very clear on the call as well. The draft I sent you was a proposal that addresses both parties' concerns over the next few months. It was offered knowing that it was not 100% of what Dan wants or what Fyve wants. It provides Fyve with time to move forward with its plans without worrying about losing the DPPM business (as long as Fyve is performing). It provides Dan with some principal reduction, albeit far less than he would like, and we preemptively provided for a reduced interest rate from 18% to 12% (which together with the reduced principal would make for smaller monthly payments). We didn't put a hard date on the response. We just asked you to consider it as soon as you could and get back to us. I don't think that is unreasonable.

From Dan's perspective, the frustration is that Fyve seems like it wants to dictate terms even though it is the party in default. Dan hit the end of the second extension without Fyve offering a plan in advance and the note went into default, which in my experience is not a minor thing. We sent a notice because that's simply the next step in the process. There's no unilateral right for Fyve to extend the loan, and there's certainly no obligation for Dan to extend. In fact, Dan has the right to take back the DPPM business right now, and not over a period 60 or 90 days. We sent a proposal which addresses multiple concerns, and takes the possible repossession of the business into account. For example, the cash account term was lifted right out of the purchase agreement and was what Dan had to provide to the buyer. I don't think it's unreasonable for Dan to make those kinds of asks under the circumstances.

If Fyve wants to suggest changes to the proposal we made, then please do so and Dan will consider it. If Fyve wants to try and ride out the default, then that's up to you. That comes with the potential consequence that Dan retains all his rights during a default, including the right to take DPPM back at any time (and he reserves the right to do so unless and until there is a clear agreement for an extension). To be clear, he has not agreed to a further extension of any kind as of now – either in full or on a month-to-month basis, but he is willing to consider your requests.

If you want to engage in negotiations over an extension, we're willing to do that. Please feel free to mark up the draft and we'll go from there. If you don't want to do that, please let us know that as well. I look forward to hearing from you.

Very truly yours,

Jace McKeighan
jdm@dcmplaw.com

DiCarlo Caserta & McKeighan PLC
20715 North Pima Road
Suite 108
Scottsdale, AZ 85255
Phone (480) 429-7544 ext. 402

Fax (480) 429-7552

This transmission is intended only for the use of the addressee and may contain information that is confidential. If you are not the intended recipient, be aware that any disclosure, copying, or use of the contents of this transmission is strictly prohibited. If you have received this communication in error, immediately notify the sender by email or telephone (480) 429-7544, and delete the communication.

---

**From:** John Ferron <john.ferron@fyve.com>
**Date:** Wednesday, August 16, 2023 at 8:31 AM
**To:** Jace McKeighan <jdm@dcmplaw.com>
**Cc:** John Goodman <jgoodman@pctadvisors.com>, Chris Jurasek <chris.jurasek@gmail.com>
**Subject:** Re: Dan Peterson

Jace –

This is quite different than on how I thought we ended the call last week and I find it frustrating that now this appears in my Inbox, similarly to the last deadline of 8/11.

We are not entering into a third loan modification that requires a condition precedent of a $250,000 principal reduction.  The shareholders continue to fund the overall operations of the business to bridge FYVE towards sale or an equity infusion ($500K internal round coming in by 8/25) and do not have the liquidity to also make this payment.

In addition, we are not willing to seek Dan's approval on the signing of new communities as outlined in 6(e) nor the minimum cash requirement in 6(f).  With respect to Lisa and Michelle, we will continue to retain them at their current salary and role subject to normal job performance but will take no special efforts to retain them (i.e., bonuses),

We continue to actively move forward with our financing options and have already agreed to keep Dan in the loop with full transparency.  I have several investors calls this week.  If Dan wants the business beforehand, then let us know, and we will begin to plan for such transition which should take 60 to 90 days.

Regards,

John



John Ferron
CEO
FYVE Inc.
Phone:   (408) 887-6689 (mobile)
Email:    John.ferron@fyve.com
6282 DuPont Station Court E Unit #3
Jacksonville, FL 32217

**www.fyve.com**

**Confidentiality Notice:** This electronic mail transmission is intended only for the use of the individual or entity to which it is addressed and may contain confidential information belonging to the sender which is protected by attorney-client privilege.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited.  If you have received this transmission in error, please notify the sender immediately by e-mail and delete the original message.

**From:** jdm dcmplaw.com <jdm@dcmplaw.com>
**Date:** Tuesday, August 15, 2023 at 2:54 PM
**To:** John Ferron <john.ferron@fyve.com>, John Goodman <jgoodman@pctadvisors.com>, Chris Jurasek <chris.jurasek@gmail.com>
**Subject:** Dan Peterson

Gentlemen,

Thank you for the call the other day. After discussing with Dan, his preference is to do a further written amendment to the loan/note. I am attaching a draft of the agreement proposed by Dan that addresses some of the concerns that he raised in the call. Please review at your earliest convenience and let us know if you have any questions or comments.

Very truly yours,

Jace McKeighan
jdm@dcmplaw.com

DICARLO CASERTA & MCKEIGHAN PLC
20715 North Pima Road
Suite 108
Scottsdale, AZ 85255
Phone (480) 429-7544 ext. 402
Fax (480) 429-7552

This transmission is intended only for the use of the addressee and may contain information that is confidential. If you are not the intended recipient, be aware that any disclosure, copying, or use of the contents of this transmission is strictly prohibited. If you have received this communication in error, immediately notify the sender by email or telephone (480) 429-7544, and delete the communication.