# EXHIBIT O

| | |
|---|---|
| **Subject:** | Re: Dan Peterson Property Management LLC |
| **Date:** | Wednesday, August 30, 2023 at 4:45:13 PM Mountain Standard Time |
| **From:** | John Ferron |
| **To:** | jdm dcmplaw.com |
| **CC:** | John Goodman, Chris Jurasek |
| **Attachments:** | image001.jpg |

Jace –

I haven't responded yet since I have been more interested in solving the real problem (getting Dan paid) than to respond to these continued threats with no real detailed operational plan. I thought John Goodman had called you last week to advise we would be delayed in getting back to you. LOIs for the FYVE business (both total business and some HOA bids) are expected next Friday 9/8.

These continued threats are fruitless since Dan does not want to own the business and it will take some time to sort out the transition steps. I really have no problem with Dan taking back the business (although I would advise him to not do so since payment could be imminent) but I have no idea how either party could proceed with an 8/31 date without any advance planning, among the parties, of the steps necessary to separate the Peterson business (e.g. Cinc software platform data base segregation and migration) from our broader HOA business. The prior TOPS system no longer exists. Other examples that must be addressed are phone systems. Strongroom for AP processing, and Payroll through ADP. We told you and Dan this is a 90-day transition process. How does Dan specifically purport to transact in the next 24 hours?

We are willing to sign the third amendment / loan modification but without any up-front payment since FYVE does not have the liquidity to agree to such a proposal. Dan could consider selling his note to some third party or remain patient in a process that will repay him fully in the next 60+ days. Your reference to FYVE members buying the Note should be directed to them and not me as CEO since it would be outside of FYVE's control.

Also, please explain to why I would turn over the business with cash in the operating account…just because our deal when we bought it required such?

I will await your recommendation on how to proceed.

Regards,

John



**John Ferron**
CEO
FYVE Inc.
Phone: (408) 887-6689 (mobile)
Email:   John.ferron@fyve.com
6282 DuPont Station Court E Unit #3
Jacksonville, FL 32217

www.fyve.com

**Confidentiality Notice:** This electronic mail transmission is intended only for the use of the individual or entity to which it is addressed and may contain confidential information belonging to the sender which is protected by attorney-client privilege.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited.  If you have received this transmission in error, please notify the sender immediately by e-mail and delete the original message.

---

**From:** jdm dcmplaw.com <jdm@dcmplaw.com>
**Date:** Wednesday, August 30, 2023 at 3:20 PM
**To:** John Ferron <john.ferron@fyve.com>
**Cc:** John Goodman <jgoodman@pctadvisors.com>, Chris Jurasek <chris.jurasek@gmail.com>
**Subject:** Dan Peterson Property Management LLC

John,

There's been no response to my August 23 email. Dan can only conclude that Fyve does not have an interest in extending the loan except on its own limited terms that are not acceptable to Dan. Dan therefore elects to continue pursuant to the Notice and Demand dated August 7, 2023.

Dan hereby elects to recover Dan Peterson Property Management LLC as of the close of business on August 31. You previously indicated that Fyve would cooperate with that transition, and he expects that you'll honor that commitment. Please coordinate transition activities directly with Dan. Dan expects that you will provide all assets, keys, passwords, security codes, account access information, and any other information necessary for the operation of the business. Fyve's access to DPPM accounts should cease as of close of business on August 31. As we have previously noted, Dan was required to turn the company over with $20,000 in the operating account, and he expects Fyve to do the same.

This transition does <u>not</u> constitute satisfaction of the outstanding Note. Dan will assess the value of DPPM and consider all good faith options towards mitigation of his damages upon taking over, including performing a review and/or audit of the business. Unless and until all amounts owed are satisfied, Dan reserves all his rights and remedies under the Purchase Agreement, the Note, the Pledge and Security Agreement and any related documents.

Please contact me if you have any questions or comments, but otherwise please work with Dan to complete the transition in a timely fashion.

Very truly yours,

Jace McKeighan
jdm@dcmplaw.com

DICARLO CASERTA & MCKEIGHAN PLC
20715 North Pima Road
Suite 108
Scottsdale, AZ 85255
Phone (480) 429-7544 ext. 402
Fax (480) 429-7552

This transmission is intended only for the use of the addressee and may contain information that is confidential. If you are not the intended recipient, be aware that any disclosure, copying, or use of the contents of this transmission is strictly prohibited. If you have received this communication in error, immediately notify the sender by email or telephone (480) 429-7544, and delete the communication.