# EXHIBIT P

**Subject:**   Re: Dan Peterson Property Management LLC

**Date:**   Friday, September 1, 2023 at 6:42:32 AM Mountain Standard Time

**From:**   John Ferron

**To:**   jdm dcmplaw.com, Dan Peterson, dpretired1@gmail.com

**CC:**   John Goodman, Chris Jurasek, Albert Spell

**Priority:**   High

**Attachments:** image001.jpg, image002.jpg

<u>**IMPORTANT READ**</u>

Jace and Dan –

As I have told you multiple times, the timeline for your proposed takeover of the DPPM business is insufficient to allow for an orderly turnover and transition.  If you were to take the business back, you would be doing so without access to any information systems, access to records, accounts or other data required to conduct basic operations since DPPM only has access to seat licenses for our Cinc platform by virtue of its status as a FYVE subsidiary.  Furthermore, we have heard from some of our current employees that in the event that you were to regain control of DPPM, they would immediately leave.   With no information system access and a limited team to operate the business, you will be unable to operate the business effectively and provide adequate service to our customers.

Based on your unwillingness to allow an orderly transition, in order to protect the value of our asset (and your collateral), FYVE has no choice but to oppose your purported takeover.  You do not have permission to enter the premises, and any attempt to do so will be treated as a trespass.  You are welcome to pursue your remedies in court, where both parties will be afforded full due process.

As I have said multiple times, the FYVE board does not have a fundamental problem with transitioning the business back to you – in an orderly fashion and as part of a full settlement.  But we do not agree with and cannot support a brazen, unprepared and unhinged seizure of the business, as it will undoubtedly eviscerate the value of our asset in short order, which is not in anyone's best interest.

To be clear, we remain willing to work cooperatively with us, we are willing to establish a workstream that will prepare the business for transition to you, including establishing a timeline for setting up a Cinc instance for DPPM that's outside of the larger FYVE platform (60-90 days), and to allow you to arrange to have staff to run the business, since a portion of our current team is unlikely to be retained.  We will also continue marketing the business for sale during that time, and if unsuccessful, we can enter into a settlement agreement to transition the business back to you in an orderly fashion.

Either of you are welcome to reach out to me and / or John Goodman to discuss if desired.

Regards,

John



John Ferron
CEO
FYVE Inc.
Phone:   (408) 887-6689 (mobile)
Email:      John.ferron@fyve.com
6282 DuPont Station Court E Unit #3
Jacksonville, FL 32217
**www.fyve.com**

**Confidentiality Notice:** This electronic mail transmission is intended only for the use of the individual or entity to which it is addressed and may contain confidential information belonging to the sender which is protected by attorney-client privilege.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited.  If you have received this transmission in error, please notify the sender immediately by e-mail and delete the original message.

**From:** jdm dcmplaw.com <jdm@dcmplaw.com>
**Date:** Thursday, August 31, 2023 at 4:08 PM
**To:** John Ferron <john.ferron@fyve.com>
**Cc:** John Goodman <jgoodman@pctadvisors.com>, Chris Jurasek <chris.jurasek@gmail.com>
**Subject:** Re: Dan Peterson Property Management LLC

John,

Dan intends to recover DPPM effective September 1, 2023 per my correspondence. It is not a fruitless threat. Dan is taking the business back and he has the right to do so. As indicated, he expects Fyve to cooperate in the transition process. While there may be some items that take some time to fully  transition, Dan will take control as of close of business today. Any and all funds in the operating account belong to DPPM and should remain there. Removal of funds from DPPM will be treated as an act of unlawful conversion, at best.

Fyve is in default and has been for some time. Payment of default interest does not remedy the default itself. Fyve has made minimal efforts to deal with the situation since the second extension expired. Typically, a party in your position would be going out of its way to address the situation, but Fyve has basically ignored Dan and stated that it's only willing to extend on its terms. That is not acceptable to Dan after two extensions, a month of a pending default, and no willingness to address outstanding principal in any meaningful way.

Dan will be at the office in the morning to get started. Please cooperate with him in notifying all banks and other relevant third parties about the change in control. Dan and Fyve's staff can begin working on the transition steps starting first thing in the morning. I appreciate the statement that you have no problem with Dan taking DPPM back, and I hope that attitude continues moving forward. If for some reason cooperation is lacking or Dan's actions are opposed, then I am compelled to note that in any legal actions triggered by such

conduct Dan will seek to hold Fyve responsible not only for all damages, but also all of his attorney's fees and costs. Hopefully that will not be necessary.

We look forward to a peaceful transition.

Very truly yours,

Jace McKeighan
jdm@dcmplaw.com

DICARLO CASERTA & MCKEIGHAN PLC
20715 North Pima Road
Suite 108
Scottsdale, AZ 85255
Phone (480) 429-7544 ext. 402
Fax (480) 429-7552

This transmission is intended only for the use of the addressee and may contain information that is confidential. If you are not the intended recipient, be aware that any disclosure, copying, or use of the contents of this transmission is strictly prohibited. If you have received this communication in error, immediately notify the sender by email or telephone (480) 429-7544, and delete the communication.

---

**From:** John Ferron <john.ferron@fyve.com>
**Date:** Wednesday, August 30, 2023 at 4:45 PM
**To:** Jace McKeighan <jdm@dcmplaw.com>
**Cc:** John Goodman <jgoodman@pctadvisors.com>, Chris Jurasek <chris.jurasek@gmail.com>
**Subject:** Re: Dan Peterson Property Management LLC

Jace –

I haven't responded yet since I have been more interested in solving the real problem (getting Dan paid) than to respond to these continued threats with no real detailed operational plan. I thought John Goodman had called you last week to advise we would be delayed in getting back to you. LOIs for the FYVE business (both total business and some HOA bids) are expected next Friday 9/8.

These continued threats are fruitless since Dan does not want to own the business and it will take some time to sort out the transition steps. I really have no problem with Dan taking back the business (although I would advise him to not do so since payment could be imminent) but I have no idea how either party could proceed with an 8/31 date without any advance planning, among the parties, of the steps necessary to separate the Peterson business (e.g. Cinc software platform data base segregation and migration) from our broader HOA business. The prior TOPS system no longer exists. Other examples that must be addressed are phone systems. Strongroom for AP processing, and Payroll through ADP. We told you and Dan this is a 90-day

transition process.  How does Dan specifically purport to transact in the next 24 hours?

We are willing to sign the third amendment / loan modification but without any up-front payment since FYVE does not have the liquidity to agree to such a proposal.  Dan could consider selling his note to some third party or remain patient in a process that will repay him fully in the next 60+ days.  Your reference to FYVE members buying the Note should be directed to them and not me as CEO since it would be outside of FYVE's control.

Also, please explain to why I would turn over the business with cash in the operating account...just because our deal when we bought it required such?

I will await your recommendation on how to proceed.

Regards,

John



John Ferron
CEO
FYVE Inc.
Phone:   (408) 887-6689 (mobile)
Email:    John.ferron@fyve.com
6282 DuPont Station Court E Unit #3
Jacksonville, FL 32217
**www.fyve.com**

**Confidentiality Notice:** This electronic mail transmission is intended only for the use of the individual or entity to which it is addressed and may contain confidential information belonging to the sender which is protected by attorney-client privilege.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited.  If you have received this transmission in error, please notify the sender immediately by e-mail and delete the original message.

**From:** jdm dcmplaw.com <jdm@dcmplaw.com>
**Date:** Wednesday, August 30, 2023 at 3:20 PM
**To:** John Ferron <john.ferron@fyve.com>
**Cc:** John Goodman <jgoodman@pctadvisors.com>, Chris Jurasek <chris.jurasek@gmail.com>
**Subject:** Dan Peterson Property Management LLC

John,

There's been no response to my August 23 email. Dan can only conclude that Fyve does not have an interest in extending the loan except on its own limited terms that are not acceptable to Dan. Dan therefore elects to continue pursuant to the Notice and Demand dated August 7, 2023.

Dan hereby elects to recover Dan Peterson Property Management LLC as of the close of business on August 31. You previously indicated that Fyve would cooperate with that transition, and he expects that you'll honor that commitment. Please coordinate transition activities directly with Dan. Dan expects that you will provide all assets, keys, passwords, security codes, account access information, and any other information necessary for the operation of the business. Fyve's access to DPPM accounts should cease as of close of business on August 31. As we have previously noted, Dan was required to turn the company over with $20,000 in the operating account, and he expects Fyve to do the same.

This transition does <u>not</u> constitute satisfaction of the outstanding Note. Dan will assess the value of DPPM and consider all good faith options towards mitigation of his damages upon taking over, including performing a review and/or audit of the business. Unless and until all amounts owed are satisfied, Dan reserves all his rights and remedies under the Purchase Agreement, the Note, the Pledge and Security Agreement and any related documents.

Please contact me if you have any questions or comments, but otherwise please work with Dan to complete the transition in a timely fashion.

Very truly yours,

Jace McKeighan
jdm@dcmplaw.com

DiCarlo Caserta & McKeighan plc
20715 North Pima Road
Suite 108
Scottsdale, AZ 85255
Phone (480) 429-7544 ext. 402
Fax (480) 429-7552

This transmission is intended only for the use of the addressee and may contain information that is confidential. If you are not the intended recipient, be aware that any disclosure, copying, or use of the contents of this transmission is strictly prohibited. If you have received this communication in error, immediately notify the sender by email or telephone (480) 429-7544, and delete the communication.