Randy Nussbaum (SBN 006417)
Nussbaum@SacksTierney.com
Clifford J. Roth (SBN 006442)
Roth@SacksTierney.com
SACKS TIERNEY P.A.
4250 N. Drinkwater Blvd., 4th Floor
Scottsdale, AZ 85251-3693
Telephone: 480.425.2600

Attorneys for Defendant Fyve, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dan Peterson, as Trustee of the Dan D. Peterson Living Trust Dated April 2, 2009, a trust formed under the laws of Arizona,<br><br>    Plaintiff,<br><br>v.<br><br>Fyve, Inc, a Delaware corporation,<br><br>    Defendant. | No. 2:23-CV-1874-JJT<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR TEMPORARY RESTRAINING ORDER WITHOUT AN OPPORTUNITY FOR DEFENDANT TO BE HEARD**<br><br>Hon. John J. Tuchi |

Defendant Fyve, Inc.[1] respectfully submits this Response in opposition to the request by Plaintiff Dan Peterson, as Trustee of the Dan D. Peterson Living Trust Dated April 2, 2009, that the Court grant injunctive relief and enter the proposed form of Temporary Restraining Order without allowing Defendant the opportunity to be heard.

Plaintiff's Motion for Temporary Restraining Order and for Preliminary Injunction ("Motion for Injunctive Relief"), filed yesterday, 9/7/23, is based on its claim that it is the owner of Dan Peterson Property Management, LLC (the "Company") and is entitled to control the operations of the Company.  If allowed to be heard, Defendant will demonstrate

---

[1]   Plaintiff incorrectly named Fyve, LLC as the Defendant.  The correct name of the entity, a Delaware corporation, is Fyve, Inc.

3638640.v1

that Plaintiff's position is based on a misinterpretation of the operative documents and is contrary to Delaware and Arizona law.  Under a proper interpretation of the documents and the law, it is Defendant, not Plaintiff, who is entitled to operate the Company.

The Court should not enter a Temporary Restraining Order ("TRO") against Defendant without allowing Defendant to file briefing and participate in a hearing.  Instead, the Court should set an expedited briefing and hearing schedule that will allow Defendant a short period to not only respond to the merits of Plaintiff's Motion for Injunctive Relief, but also to prepare and file its own Cross-Motion for Injunctive Relief that will permit Defendant to control and operate the Company as it has for the last four years.  Allowing Defendant to continue to operate the Company is required under the applicable documents and law and will preserve the Company's value until it can be sold, generating funds from which Plaintiff can be paid.[2]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      Background

On October 31, 2019, the parties entered into an agreement whereby Defendant's predecessor, OnPoint Acquisitions, LLC ("OnPoint"), purchased the Company from Plaintiff for $1.8 million, including a Promissory Note for $800,000.  (*See* Membership Purchase Agreement and Promissory Note, Complaint Exs. A and C, respectively).  The promissory note was secured by (1) a Pledge and Security Agreement, and (2) an Assignment of LLC Interests (Complaint Exs. B and D, respectively).  Under the Pledge and Security Agreement and Assignment of LLC Interests, Plaintiff received an assignment of OnPoint's membership interest in the Company as collateral to secure repayment of the Promissory Note.

After Defendant failed to make a payment due on 7/31/23, Plaintiff sent a default

---

[2]    This Response is limited to the narrow procedural issue of whether the Court should rule on Plaintiff's Motion for Injunctive Relief without allowing Defendant to be heard.  Defendant reserves the right to file a substantive response to the Motion for Injunctive Relief, and to answer or otherwise respond to the Complaint.

2

3638640.v1

notice and the parties then negotiated for several weeks regarding a short extension that would allow Defendant to complete its ongoing efforts to sell the Company, which in turn would allow Plaintiff to be paid in full from the sale proceeds. (*See, e.g.,* Letter dated 8/7/23, Email dated 8/30/23, Complaint Exs. G and O, respectively). On or about 9/1/23, Plaintiff exercised self-help to take control of the Company's business, including without limitation by changing the locks on the Company's office, taking control of the Company's bank account at Alerus Bank, firing certain employees, and informing the other employees that Plaintiff was now in control of the Company. (*See* Motion for Injunctive Relief, 5:1-2 and 5:7-14; Email dated 9/4/23, Complaint Ex. N).

As will be explained in much greater detail if Defendant is allowed to file briefing and participate in a hearing before the Court, it is Defendant's position that the Pledge and Security Agreement and the Assignment of LLC Interests (Complaint Exs. B and D), do not authorize Plaintiff to unilaterally seize control over the business operations of the Company. Instead, under both Delaware law[3] and Arizona law,[4] Plaintiff has no control rights and is only entitled to the economic rights of an assignee and the rights of a secured creditor to sell its collateral in a UCC sale.

---

[3]   The Pledge and Security Agreement, ¶ 16, states that it is governed by and to be construed in accordance with the laws of Delaware. Under Delaware law, an assignee of an LLC interest does not become a member and does not have the rights or powers of a member, but is only entitled to the profits and losses that the assignor was entitled. *See* Delaware Limited Liability Company Act, Delaware Code § 18-702(b) ("[u]nless otherwise provided in the limited liability company agreement, . . . ***[a]n assignment of a limited liability company interest does not entitle the assignee to become or exercise any rights or powers of a member*** . . . [and] ***entitles the assignee to share in such profits and losses***, and to receive such allocation of income, gain, loss, deduction, or credit or similar item ***to which the assignor was entitled***.") (Emphasis added).

[4]   The Company is an Arizona limited liability company governed by Arizona law, which is similar to Delaware law in limiting the rights of an assignee of an LLC membership interest to economic rights and not control rights. *See* A.R.S. § 28-3502(A)(3) and (B) (***a transfer of a membership interest*** in an Arizona LLC, such as the Company in this case, "***does not entitle the transferee to . . . [p]articipate in the management or conduct of the company's activities and affairs***," or with limited exceptions not applicable here, "have access to records or other information concerning the company's activities and affairs," and ***the transferee only "has the right to receive, in accordance with the transfer, distributions which the transferor would otherwise be entitled***"). (Emphasis added).

3

3638640.v1

## II. Plaintiff Is Asking the Court to Deprive Defendant of the Opportunity to Be Heard

In one of its papers filed yesterday, Plaintiff states: "The exigencies of the circumstances justify ***granting injunctive relief without opportunity for Defendants [sic] to be heard***." (Plaintiff's Attorney Certification Pursuant to Fed. R. Civ. P. 55(B)(1)(B) [sic], 1:27-2:2) (emphasis added).  Since receiving Plaintiff's Attorney Certification and other documents by email less than 24 hours ago (at about 11:40 a.m. on 9/7/23), Defendant and its counsel have worked expeditiously to prepare this Response to prevent the Court from entering a TRO against Defendant before it is allowed a meaningful opportunity to respond on the merits to Plaintiff's Motion for Injunctive Relief.

## III. Defendant Should Be Allowed the Opportunity to Be Heard

> The bedrock elements of due process are notice and a meaningful opportunity to be heard. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). A TRO without notice necessarily deprives the opposing party of both. For this reason, a litigant seeking a TRO without notice to the opposing side must provide a sufficiently compelling reason why due process must be dispensed with.

*Barrow v. New Residential Mortgage LLC*, No. CV-22-08160-PCT-DLR, at *1 (D. Ariz. Sept. 9, 2022).

While Defendant did receive email notice of Plaintiff's documents at or about the time they were being filed, Plaintiff is seeking to deprive Defendant of a meaningful opportunity to be heard.  Notice means nothing if a party is nevertheless denied the opportunity to be heard.  Here, as in *Barrow*, the Plaintiff has not provided a sufficiently compelling reason to dispense with due process.  The circumstances on which Plaintiff relies to justify an immediate TRO existed for 6 days before Plaintiff filed suit.  Defendant agrees that this dispute should be resolved on an expedited basis, but a few more days to allow proper briefing and a hearing will enable the Court to enter a much better informed ruling than the proposed TRO based on Plaintiff's one-sided presentation.

In *Hanlon v. Jennex*, No. CV-23-00177-PHX-SPL, at *3 (D. Ariz. Jan. 27, 2023) (emphasis in original), the Court declined to enter a TRO without notice, stating: "Plaintiff

4

3638640.v1

has not demonstrated that the harms he alleges are *so immediate* that he cannot wait for Defendants to at least be given a chance to be heard in opposition." The Court set an expedited briefing and hearing schedule. *Id.* at *3 – *4. *See also Doe v. Swift Transportation Co., Inc.*, No. 2:10-CV-00899-JWS, at *4 (D. Ariz. Feb. 24, 2017) (rejected request for immediate restraining order and instead set an expedited briefing and hearing schedule); *Federal Nat. Mortgage Assn v. Home*, No. CV-11-1227-PHX-DGC, at *2 - *3 (D. Ariz. June 23, 2011) (denied ex parte TRO and set hearing in 7 days). The Court should follow these cases and set an expedited schedule for briefing and a hearing.[5]

Under Rule 65(c), a preliminary injunction or TRO may be issued only if the movant gives security in an amount sufficient to pay the costs and damages sustained by the other party if is it found to have been wrongfully enjoined or restrained. But ***Plaintiff's filings are completely silent on the issue of the required bond***. Additional briefing would provide a basis on which the Court can set a proper bond amount, if it decides to grant injunctive relief. *See True Names Ltd. v. GoDaddy Inc.*, No CV-22-01494-PHX-JJT (this Court noted that neither party provided briefing on the amount of the bond).

Defendant should be given a reasonable opportunity to be heard on the merits in opposition to Plaintiff's Motion for Injunctive Relief and to file its own Cross-Motion for Injunctive Relief.

**IV.   Conclusion**

Defendant respectfully urges the Court not to enter an injunction against Defendant until it is allowed a meaningful opportunity to be heard. Plaintiff "has not demonstrated that the harms [it] alleges are so immediate that [it] cannot wait for Defendant[] to at least be given a chance to be heard in opposition." *Hanlon*, at *3.

Defendant is only asking the Court for a few days to prepare briefing on which side is entitled to an injunction and a few more days to prepare for a hearing. The Court should

---

[5] Such a schedule would allow the parties time to continue discussions to resolve the dispute without Court involvement. (*See* emails from Defendant's counsel to Plaintiffs' counsel dated 9/5/23 and 9/6/23, attached hereto as Ex. 1).

5

3638640.v1

follow the lead of the cases discussed above and set an expedited schedule for briefing and hearing along the following lines:

| | |
|---|---|
| 9/12/23 | Defendant's Response to Plaintiff's Motion for Injunctive Relief and Cross-Motion for Injunctive Relief. |
| 9/15/23 | Plaintiff's Reply to its Motion and Response to Defendant's Motion |
| 9/18/23 | Defendant's Reply to its Motion |
| 9/19/23 | 2-3 Hour Hearing on Cross-Motions (or at the Court's earliest convenience thereafter) |

A proposed Expedited Scheduling Order is submitted herewith.

RESPECTFULLY SUBMITTED this 8th day of September, 2023.

        SACKS TIERNEY P.A.

        By: */s/ Clifford J. Roth*
            Randy Nussbaum
            Clifford J. Roth
            Attorneys for Defendant Fyve, Inc.

3638640.v1

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2023, I electronically transmitted the foregoing Defendant's Response to Plaintiff's Request for Temporary Restraining Order Without an Opportunity to be Heard to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

>Robert T. Mills, Esq.
>Sean A. Woods, Esq.
>Mills + Woods Law, PLLC
>5055 North 12th Street, Suite 100
>Phoenix, Arizona 85014
>*Attorneys for Plaintiff*

 */s/ Brittany Crane*

7

3638640.v1