SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dan Peterson, as Trustee of the Dan D. Peterson Living Trust dated April 2, 2009, a trust formed under the laws of Arizona,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Fyve, Inc, a Delaware corporation,<br><br>　　　　Defendant. | No. 2:23-CV-1874-JJT<br><br>**TEMPORARY RESTRAINING ORDER IN FAVOR OF DEFENDANT**<br><br>(Assigned to Hon. John J. Tuchi) |

　　　　This Court having considered Defendant's Cross-Motion for Temporary Restraining Order and Preliminary Injunction, and for good cause shown,

　　　　THE COURT FINDS as follows:

　　　　Defendant Fyve, Inc. ("Fyve") is the sole member of Dan Peterson Property Management, LLC, an Arizona limited liability company ("DPPM").

　　　　There is a strong likelihood that Frye will prevail on the merits in establishing that it has the immediate right to exercise control over DPPM, its business operations and affairs.

　　　　There is a risk of immediate irreparable harm to DPPM and Fyve if injunctive relief is not granted. Among other reasons causing irreparable harm, DPPM's bank account has been frozen and Plaintiff Dan Peterson, as Trustee of the Dan D. Peterson Living Trust dated April 2, 2009, ("Lender") continues to deny Fyve access to DPPM's office, customers, vendors, employees and others.

3642169.v1

The balance of hardships favors Fyve and public policy favors injunctive relief.

IT IS THEREFORE ORDERED granting Fyve's Cross-Motion for Temporary Restraining Order and Preliminary Injunction.

IT IS FURTHER ORDERED as follows:

Fyve is restored to full control over DPPM and all its business operations and affairs to the same extent that Fyve exercised control over DPPM prior to September 1, 2023, including without limitation, DPPM's office, customers, vendors, employees, software, and bank account.

Lender, its employees, servants, representatives and anyone who is in active concert with any of these persons (collectively, the "Enjoined Persons") are enjoined from taking any action to deny or interfere with the control of Fyve over DPPM as set forth in the prior paragraph.

The Enjoined Persons are enjoined from taking any action to control DPPM or its business operations and affairs, including giving direction to employees and other representatives of DPPM.

The Enjoined Persons are enjoined from accessing DPPM's bank accounts.

DATED: _____, 2023.

_____
John J. Tuchi
District Court Judge

2

3642169.v1