Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
rmills@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Dan Peterson, as Trustee of the Dan D. Peterson Living Trust, Dated April 2, 2009, a trust formed under the laws of Arizona,<br><br>Plaintiffs<br><br>vs.<br><br>Fyve LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.: CV-23-01874-PHX-JJT<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND FOR PRELIMINARY INJUNCTION** |

Through counsel undersigned, pursuant to Fed. R. Civ. P. 65, Plaintiff Dan Peterson ("Dan"), as Trustee of the Dan D. Peterson Living Trust dated April 2, 2009 (the "Trust"), hereby submits this Reply in Support of Plaintiff's Motion for Temporary Restraining Order and for Preliminary Injunction. Defendants Fyve LLC and Fyve Inc. ("Fyve")[1] must be enjoined from interfering with the Trust's ownership and right to control Dan Peterson Property Management, LLC, an Arizona limited liability company ("the Company"). The authorities cited by Fyve in its "Response to Plaintiff's Motion for Temporary Restraining

---

[1] In its Response, Fyve states that the correct name of the Defendant is "Fyve, Inc." but does not explain why. Fyve, LLC is still in existence and was the signatory to the Second Loan Modification Agreement. (Pl. Compl., Ex. F.)

Order and for Preliminary Injunction" ("Response") establish that Dan and the Trust have the immediate right to possession and control of the Company.

## I. INTRODUCTION

In its Response, Fyve does not dispute that it does not have any economic rights to profits or distributions of the Company. Fyve also does not dispute that Dan and the Trust will have the right to take possession and control of the Company, albeit at some point in the future. The issue is whether Dan and the Trust have the right to immediate control of the Company. Even the authorities relied upon by Fyve in its Response establish that Dan and the Trust have the right to immediate possession and control of the Company.

## II. THE TRUST OWNS THE COMPANY

As discussed in Plaintiff's Motion for Temporary Restraining Order and for Preliminary Injunction, the Trust owns the Company and the right to control it. The Assignment, (Pl. Compl., Ex. D)[2], unequivocally assigns to Dan, as Trustee of the Trust, all of OnPoint's/Fyve's "right, title and interest in and to the [Company's] *assets* and [OnPoint's/Fyve's] capital account, allocable share of future *profits* and losses, and distributive share of *distributions* of [OnPoint/Fyve]" upon the event of default. This is not, as Fyve suggests, an assignment of mere "economic rights" to income generated by the Company. It includes literally all of the assets of the Company. Pursuant to the Pledge and Security Agreement, (Pl. Compl., Ex. B)[3], Fyve has forfeited the "right to vote the Ownership Interests and the right to receive distributions." The right to vote ownership

---

[2] Citations to exhibits are to the Exhibits to Plaintiff's Verified Complaint.
[3] An accurate copy of the Signature Page of the Pledge and Security Agreement bearing the signature of Dan Peterson is attached hereto as "**Exhibit S**."

2

interest is not a mere economic right – it is the right to control. The Trust is not a mere secured creditor, but rather the outright owner of the Company. As such it does not matter whether Fyve ever "consented to [the Trust] exercising control over [the Company] without conditions of an orderly transition of approximately 90 days and a full settlement…". (Fyve's Resp. at 6.) Fyve has no legal or equitable interest in the Company. Fyve is not a creditor, secured or otherwise. Fyve has no right to dictate what the Trust does with the Company.

### III.  THE TRUST HAS THE RIGHT TO CONTROL THE COMPANY

Fyve relies heavily on Delaware law to support its argument that the Trust's remedies are limited to "the economic rights of an assignee and the rights of a secured creditor to sell its collateral in a UCC sale." (Fyve's Resp. at 5.) Fyve insists that those rights do not include the right to control the Company. Fyve is wrong.

Under Fyve's theory, the Assignment created a security interest in collateral consisting of the Company's "assets," as well as future profits and distributions. (*See* Pl. Compl., Ex. D.) Similarly, pursuant to the express terms of the Pledge and Security Agreement, the "collateral" consists not only of 100% of the Ownership Interests of the Company, but also the "***right to vote*** the Ownership Interests." (*See* Pl. Compl., Ex. B § 3.)[4] As noted above, the right to vote 100% of the Ownership Interests ***is*** the right to control the Company.

---

[4] With respect to the Pledge and Security Agreement, Dan perfected a security interest in "All of Debtor's membership interests in Dan Peterson Property Management, LLC, and Arizona limited liability company" by filing a UCC financing statement with the Arizona Secretary of State. (*See* "**Exhibit T**," attached hereto.)

3

Article 9 of Delaware's Uniform Commercial Code, 6 Del. C. § 9-609 (a) and (b), specifically provides that "(a) After default, a *secured party*: (1) *may take possession of the collateral*: …," and may do so (b)(1) "pursuant to judicial process; or (2) *without judicial process*, if it proceeds without breach of the peace." (Emphasis added). Arizona has an identical provision. *See* A.R.S.§ 9-609 (a) and (b). The laws that Fyve relies on demonstrate that the Trust, not Fyve, has the right to immediate possession and control of the Company, and that Fyve is wrongfully interfering with those rights. The Trust has resorted to this judicial process only after Fyve refused to relinquish control after its admitted default. The Court should issue a temporary restraining order and preliminary injunction against Fyve's interference with the Trust's rights.

In addition, Delaware's Limited Liability Company Act specifically provides that "A member [of an LLC] *ceases to be a member and to have the power to exercise any rights or powers* of a member *upon assignment of all the member's limited liability interest.*" 6 Del. C. § 18-702(b)(3). (Emphasis added). In the Assignment, (Pl. Compl., Ex. D), OnPoint/Fyve expressly assigned to the Trust "*all of its limited liability company interests*" in the Company.

**IV.   CONCLUSION**

As discussed in Plaintiff's Motion for Temporary Restraining Order and for Preliminary Injunction, Dan, as Trustee of the Trust, has the right to take immediate possession and control of the Company. Plaintiff's Motion for Temporary Restraining Order and for Preliminary Injunction must be granted.

///

4

**RESPECTFULLY SUBMITTED** this 29th day of September 2023.

**MILLS + WOODS LAW, PLLC**

By  */s/ Sean A. Woods*
　　Robert T. Mills
　　Sean A. Woods
　　5055 North 12th Street, Suite 101
　　Phoenix, AZ 85014
　　*Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2023, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Randy Nussbaum
Nussbaum@SacksTierney.com
Clifford J. Roth
Roth@SacksTierney.com
**SACKS TIERNEY P.A.**
4250 N Drinkwater Blvd., 4th Floor
Scottsdale, AZ 85251-3693
*Attorneys for Defendant Fyve, Inc.*

　　*/s/ Ben Dangerfield*

5

# EXHIBIT S

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

PLEDGOR

OnPoint Acquisitions, LLC

By: _____
    Chris Jurasek, President

PLEDGEE:

By: _____
    Dan Peterson, as Trustee of
    the Dan D. Peterson Living Trust
    dated April 2, 2009

*Signature Page to Pledge and Security Agreement*

# EXHIBIT T

**2019-005-0740-4**

**ARIZONA SECRETARY OF STATE**
**12/03/19 12:44**
**F I L E D**

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
Jace McKeighan

B. E-MAIL CONTACT AT FILER (optional)
jdm@dcmplaw.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address)
DiCarlo Caserta & McKeighan PLC
20715 N. Pima Rd.
Ste. 108
Scottsdale, AZ 85255

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OnPoint Acquisitions, LLC, a Delaware limited liability company | | | |
| OR 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE / POSTAL CODE | COUNTRY |
| 501 E. Las Olas Blvd. #319 | Ft. Lauderdale | FL  33301 | USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE / POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| Peterson | Dan | | |
| 3c. MAILING ADDRESS | CITY | STATE / POSTAL CODE | COUNTRY |
| 9141 E. Sutton Dr. | Scottsdale | AZ  85260 | USA |

4. COLLATERAL: This financing statement covers the following collateral:
All of Debtor's membership interests in Dan Peterson Property Management, LLC, an Arizona limited liability company.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA

International Association of Commercial Administrators (IACA)
FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

*Arizona Uncertified Copy of Arizona Secretary of State* (watermark)

# UCC FINANCING STATEMENT ADDENDUM
FOLLOW INSTRUCTIONS

**9. NAME OF FIRST DEBTOR:** Same as line 1a or 1b on Financing Statement; if line 1b was left blank because Individual Debtor name did not fit, check here ☐

**9a. ORGANIZATION'S NAME**
OnPoint Acquisitions, LLC

OR **9b. INDIVIDUAL'S SURNAME**

FIRST PERSONAL NAME

ADDITIONAL NAME(S)/INITIAL(S)    SUFFIX

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**10. DEBTOR'S NAME:** Provide (10a or 10b) only one additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c.

**10a. ORGANIZATION'S NAME**

OR **10b. INDIVIDUAL'S SURNAME**

INDIVIDUAL'S FIRST PERSONAL NAME

INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S)    SUFFIX

**10c. MAILING ADDRESS**    CITY    STATE    POSTAL CODE    COUNTRY

**11.** ☒ ADDITIONAL SECURED PARTY'S NAME or ☐ ASSIGNOR SECURED PARTY'S NAME: Provide only one name (11a or 11b)

**11a. ORGANIZATION'S NAME**
The Dan D. Peterson Living Trust dated April 2, 2009

OR **11b. INDIVIDUAL'S SURNAME**    FIRST PERSONAL NAME    ADDITIONAL NAME(S)/INITIAL(S)    SUFFIX

**11c. MAILING ADDRESS**    CITY    STATE    POSTAL CODE    COUNTRY
9141 E. Sutton Dr.    Scottsdale    AZ    85260    USA

**12. ADDITIONAL SPACE FOR ITEM 4 (Collateral):**

**13.** ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS (if applicable)

**14.** This FINANCING STATEMENT: ☐ covers timber to be cut  ☐ covers as-extracted collateral  ☐ is filed as a fixture filing

**15.** Name and address of a RECORD OWNER of real estate described in item 16 (if Debtor does not have a record interest):

**16.** Description of real estate:

**17. MISCELLANEOUS:**

International Association of Commercial Administrators (IACA)
FILING OFFICE COPY — UCC FINANCING STATEMENT ADDENDUM (Form UCC1Ad) (Rev. 04/20/11)

2019-005-0740-4

Arizona Uncertified Copy Secretary of State