Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
rmills@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Dan Peterson, as Trustee of the Dan D. Peterson Living Trust, Dated April 2, 2009, a trust formed under the laws of Arizona,<br><br>Plaintiff,<br><br>vs.<br><br>Fyve, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No.: CV-23-01874-PHX-JJT<br><br>**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>(Assigned to the Honorable John J. Tuchi) |

Through counsel undersigned and pursuant to Fed. R. Civ. P. 54(d), LRCiv 54.1, and the Court's Judgment of Dismissal in a Civil Case, J. Dismissal, Nov. 27, 2023, ECF No. 25, Plaintiff Dan Peterson, as Trustee of the Dan D. Peterson Living Trust, Dated April 2, 2009 ("Plaintiff") hereby moves for an award of his reasonable attorneys' fees and his taxable costs in this action. This Motion is supported by the relevant parts of the record in this action, by the Bill of Costs attached as "**Exhibit 1**" hereto, by the itemized statement of fees and costs attached as "**Exhibit 2**" hereto, by the copy of the November 6, 2023 letter from John Ferron, Albert Spell, and Jeff Bohm to Dan Peterson attached as "**Exhibit 3**" hereto, and by the Memorandum of Points and Authorities below.

///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PLAINTIFF SHOULD BE AWARDED ITS ATTORNEYS' FEES.

### A. Arizona Law Governs a Potential Award of Fees in this Action.

Courts in the Ninth Circuit "appl[y] state law in a diversity action to determine whether an award of attorneys' fees is allowed." *Canada Life Assur. Co. v. LaPeter*, 557 F.3d 1103, 1112 (9th Cir. 2009) (citing *Michael-Regan Co. v. Lindell*, 527 F.2d 653, 656 (9th Cir.1975)); *see also Mangold v. California Public Utilities Com'n*, 67 F.3d 1470, 1478 (9th Cir. 1995) ("Ninth Circuit precedent has applied state law in determining not only the right to fees, but also in the method of calculating the fees."). Here, because this is a diversity action, *see* Compl. ¶ 6, ECF No. 1, Arizona law governs Plaintiff's entitlement to fees. *See also Allstate Ins. Co. v. Ellison*, 757 F.2d 1042, 1044 (9th Cir. 1985) ("Forum state law controls the substantive issues.").

Moreover, this action concerns a claim made under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02. *See* Compl. ¶¶ 60-64. "Federal courts look to [state] law to determine when attorneys' fees can be awarded in declaratory judgment cases." *Troutt v. Colorado Western Ins. Co.*, 246 F.3d 1150, 1163 (9th Cir. 2001) (citing *Iowa Mut. Ins. Co. v. Davis*, 689 F. Supp. 1028, 1029 (D. Mont. 1988); *see also Dairy v. Dairy Emps. Union Local No. 17 Christian Labor Ass'n of the Unided Am. Pension Trust*, No. 1:13-cv-01112-MJS, at *4-5 (E.D. Cal. Mar. 4, 2016) ("[C]ourts have specifically authorized attorneys' fees for declaratory relief actions based on diversity jurisdiction where the state laws provide for attorneys' fees. '[T]he Federal Declaratory Judgment Act ... authorizes an award of attorney's fees where controlling state substantive law permits such recovery.'");

*Davis*, 689 F. Supp. at 1029 ("In a declaratory judgment action brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, 2202, where jurisdiction is based upon diversity of citizenship, 28 U.S.C. § 1332, attorneys' fees may be recovered, in the discretion of the court, if recovery would be in accord with state law."). Thus, Plaintiff may recover attorneys' fees here if it would be allowed fees for a corresponding claim under Arizona law.

### B. Plaintiff May Recover its Attorneys' Fees for a Claim Under Arizona's Declaratory Judgments Act.

Arizona Courts of Appeal have held on multiple occasions that Arizona's Declaratory Judgments Act allows attorneys' fees awards "when a declaratory judgment action satisfies the requirements of A.R.S. § 12-341.01." *MAC Props. Ltd. v. D.D. Dunlap Cos.*, No. 1 CA-CV 18-0148, at *8, ¶ 22 (Ariz. App. Nov. 21, 2019) (first citing *Maleki v. Desert Palms Prof'l Props., L.L.C.*, 222 Ariz. 327, 334 ¶¶ 34-35 (App. 2009); then citing *John Deere Ins. Co. v. West Am. Ins. Grp.*, 175 Ariz. 215, 216, 218-19 (App. 1993); and then citing *Nationwide Mut. Ins. Co. v. Granillo*, 117 Ariz. 389, 394-395 (App. 1977)); *see Republic Insurance Company v. Feidler*, 193 Ariz. 8, 17 (App. 1998) ("Ordinarily, in a declaratory judgment action concerning interpretation of a contract, the prevailing party can seek an award of attorneys' fees."). A declaratory judgment action satisfies A.R.S. § 12-341.01 when it arises out of a contract. *See* A.R.S. § 12-341.01(A) ("In any contested action arising out of a contract, … the court may award the successful party reasonable attorney fees.").

Here, this is a declaratory judgment action, *see* Compl. ¶¶ 60-64, that arises out of not just one, but numerous, contracts, including but not limited to the Membership Interest

Purchase Agreement, *see* Compl. ¶¶ 9-10, the Pledge and Security Agreement, *see* Compl. ¶¶ 14-18, the Promissory Note, *see* Compl. ¶¶ 12-13, and the Assignment of LLC Interests, *see* Compl. ¶ 15.  Therefore, because this is a declaratory judgment action that satisfies A.R.S. § 12-341.01, Plaintiff may recover its attorneys' fees under Arizona law.  *See MAC Props.*, No. 1 CA-CV 18-0148, at *8, ¶ 22; *Maleki*, 222 Ariz. at 334, ¶¶ 34-35; *John Deere*, 175 Ariz. at 216, 218-19; *Granillo*, 117 Ariz. at 394-395; *Feidler*, 193 Ariz. at 17.

### C. Plaintiff is the "Successful" Party for Purposes of A.R.S. § 12-341.01.

A.R.S. § 12-341.01(A) provides that "the *successful* party" may be awarded its "reasonable attorney fees." *Id.* (emphasis added).  "'*Partial success does not preclude a party from 'prevailing' and receiving a discretionary award of attorneys' fees*'; the superior court may find that a party is the successful party *even when the recovery it obtains is 'significantly reduced*.'" *Lee v. ING Investment Management, LLC*, 240 Ariz. 158, 161, ¶ 10 (App. 2016) (emphasis added) (quoting *Berry v. 352 E. Virginia, LLC*, 228 Ariz. 9, 14, ¶¶ 23–24 (App. 2011)) (finding plaintiff was the "successful party" even though the Court reduced his requested recovery by at least two-thirds).

Here, Plaintiff is the "successful party" under A.R.S. § 12-341.01(A).  Its declaratory judgment claim requested "a Declaratory Judgment that it is the sole owner of [Dan Peterson Property Management, LLC] and has the right to control it and its operations." Compl. ¶ 64.  While the Court did not award Plaintiff everything it requested, it found for Plaintiff on the most important point, finding that Plaintiff "owns 100% of the membership interest of Dan Peterson Property Management, LLC, … and … is entitled to the economic rights associated therewith." Order 7:27-8:2, Nov. 3, 2023, ECF No. 22.

As a practical matter, however, Plaintiff ultimately received *all* the relief it sought. This is because as 100% owner, Plaintiff now had the power, through appropriate amendment to the Articles of Organization and the Operating Agreement, to remove Fyve personnel as managers of the Company. Apparently recognizing that inevitability, all Fyve personnel serving as managers of the Company resigned on November 6, 2023, just three (3) days after the Court's November 3 Order. *See* **Ex. 3**. Plaintiff then had 100% control, as *well* as 100% ownership. This is exactly what Plaintiff requested and could not achieve despite exercising self-help. If Defendant's personnel had simply done this exact thing in September, the entire legal battle could have been avoided. Instead, Defendant created the scenario wherein Dan had to request assistance from the Court.

And regardless of the above, even if Plaintiff had received significantly less than half of what it prayed for (and it ultimately received everything), it *still* would be the successful party. *See Lee*, 240 Ariz. at 161, ¶ 10; *Berry*, 228 Ariz. at 14, ¶¶ 23–24.

### D. **Plaintiff Should be Awarded its Reasonable Fees.**

As the "successful party" to an "action arising out of a contract," the Court has the discretion to award Plaintiff its reasonable fees. A.R.S. § 12-341.01(A). With regard to that discretion:

> [Arizona's] supreme court has prescribed the following pertinent factors courts should consider in determining whether to award fees under § 12-341.01(A): (1) the merits of the claim or defense the unsuccessful party presented; (2) whether the parties could have avoided or settled the litigation and whether "the successful party's efforts were completely superfluous in achieving the result"; (3) whether assessing fees against the unsuccessful party will cause an extreme hardship; (4) whether the successful party prevailed on all relief sought; (5) the novelty of the legal questions presented; (6) whether the claims or defenses had been previously adjudicated in Arizona; and (7) whether an award of fees would discourage other parties

with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorney fees.

*Orfaly v. Tucson Symphony Society*, 209 Ariz. 260, 265-66, ¶ 19 (App. 2005) (quoting and citing *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 570 (1985)).

Here, factor (1) favors Plaintiff. Defendant presented no defense to Plaintiff's claim of ownership, and ultimately conceded after the Court's Order that Plaintiff would control the Company. Factor (2) clearly favors Plaintiff. The expense of the litigation could have been avoided had Fyve's personnel resigned as managers following Fyve's admitted default under the purchase agreements and Promissory Note. *See* **Ex. 3**. Factor (3) tilts toward a fee award because there is no evidence that assessing fees against Defendant will cause an extreme hardship. Factor (4) favors Plaintiff as well. As discussed above, Plaintiff prevailed on the most important point in the litigation. Factor (5) tilts toward an award of fees, because there is nothing novel about the legal issues here. This was a straightforward contractual dispute, and Fyve did not present evidence disputing Plaintiff's claim of 100% ownership. Factor (6) also favors Plaintiff. The claims and defenses were typical of contract claims and defenses regularly resolved by Arizona Courts. Finally, factor (7) favors Plaintiff as well. Fyve did not have a defense to Plaintiff's claim of ownership. Fyve was admittedly in default. Fyve claimed a bare right to control based on the fact that certain of its personnel were managers of the Company. But Fyve recognized that this position would ultimately fail because Plaintiff owned 100% of the Company. Nothing here will discourage anyone from litigating or defending those claims based on a fee award to Plaintiff in this action.

Plaintiff is entitled to its reasonable fees in this action. Those reasonable fees are as itemized in **Exhibit 2**, and total $28,598.00.

## II. PLAINTIFF SHOULD BE AWARDED ITS COSTS.

"Unless a federal statute, [the Rules of Procedure], or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Here no federal statute, Rule of Procedure, or court order provides otherwise. Therefore, the prevailing party should be awarded its costs. "Generally, a party in whose favor judgment is rendered is the prevailing party. *The prevailing party need not succeed on every issue to be entitled to costs*." LRCiv 54.1(d) (emphasis added). Here, for the same reasons set forth in **§ I(C)** above that Plaintiff is the "successful party," it is also the "prevailing party." Thus, Plaintiff should be awarded its costs. Those costs are noted in the Bill of Costs attached as **Exhibit 1** and are as itemized in **Exhibit 2**, and total $412.00.

## III. CONCLUSION

For all the foregoing reasons, Plaintiff should be awarded its reasonable attorneys' fees in the amount of $28,598.00, and its costs in the amount of $412.00.

///

///

///

///

///

**RESPECTFULLY SUBMITTED** this 11th day of December 2023.

**MILLS + WOODS LAW, PLLC**

By  */s/ Sean A. Woods*
   Robert T. Mills
   Sean A. Woods
   5055 North 12th Street, Suite 101
   Phoenix, AZ 85014
   *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2023, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Randy Nussbaum
Nussbaum@SacksTierney.com
Clifford J. Roth
Roth@SacksTierney.com
**SACKS TIERNEY P.A.**
4250 N Drinkwater Blvd., 4th Floor
Scottsdale, AZ 85251-3693
*Attorneys for Defendant Fyve, Inc.*

   */s/ Ben Dangerfield*