Randy Nussbaum (SBN 006417)
Nussbaum@SacksTierney.com
Clifford J. Roth (SBN 006442)
Roth@SacksTierney.com
SACKS TIERNEY P.A.
4250 N. Drinkwater Blvd., 4th Floor
Scottsdale, AZ 85251-3693
Telephone: 480.425.2600

Attorneys for Defendant Fyve, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Dan Peterson, as Trustee of the Dan D. Peterson Living Trust dated April 2, 2009, a trust formed under the laws of Arizona,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Fyve, Inc, a Delaware corporation,<br><br>　　　　　Defendant. | No.  2:23-CV-1874-JJT<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>(Assigned to Hon. John J. Tuchi) |

　　　　In accordance with Rule 54(d), Federal Rules of Civil Procedure, and LRCiv 54.1(b) and 54.2(f), Defendant Fyve, Inc. ("Fyve") respectfully submits this Response in opposition to Plaintiff's Motion for Attorneys' Fees and Costs ("Motion," Doc. 27) filed by Plaintiff Dan Peterson, as Trustee of the Dan D. Peterson Living Trust dated April 2, 2009 ("Peterson").  This Response is supported by the Declaration of Clifford J. Roth, which is attached hereto as *Exhibit 1*, and the email exchange attached hereto as *Exhibit 2*, which are incorporated herein by reference.

　　　　As discussed below, the Motion should be denied because:  (1) it fails to comply with LRCiv 54.2 in numerous material respects, which interferes with the ability of Fyve, and this Court, to properly evaluate the Motion; (2) Peterson is not the successful or prevailing party and is not entitled to an award of attorneys' fees or costs; and (3) Peterson

3722410.v1

1  has not demonstrated the reasonableness of the amounts sought.

2  **MEMORANDUM OF POINTS AND AUTHORITIES**

3  **I.     Peterson Violated LRCiv 54.2 in Numerous Respects**

4  Peterson's Motion for Attorneys' Fees and Costs (1:17) states that it is based on "Fed. R. Civ. P. 54(d), [and] LRCiv 54.1." LRCiv 54.1 deals only with costs, not attorneys' fees. As the Court is aware, a motion for attorneys' fees is governed by LRCiv 54.2, which is not even cited in the Motion. The Motion fails to comply with nearly every aspect of LRCiv 54.2 in significant ways that result in Peterson failing to meet his burden of proving an entitlement to attorneys' fees and the reasonableness of the fees sought.

Most of LRCiv 54.2 is written in mandatory terms – "shall" and "must" – and is quite specific about (1) the content of the Memorandum of Points and Authorities, including the headings and the order of the discussion, and (2) the supporting documentation that must be attached to the Memorandum of Points and Authorities.

> Under LRCiv 54.2, "[a] party requesting an award of attorneys' fees must show that it is (a) eligible for an award, (b) entitled to an award, and (c) requesting a reasonable amount." *Thompson v. Ariz. Movers & Storage Inc.*, No. CV-17-03819-PHX-DGC, 2018 WL 2416187, at *1 (D. Ariz. May 29, 2018) (citing LRCiv 54.2(c)). "The moving party must attach supporting documentation to any request for attorneys' fees, including (1) a statement of consultation, (2) a complete copy of any written fee agreement, (3) a taskbased itemized statement of time expended and expenses incurred, and (4) an affidavit of moving counsel." *Rindlisbacher v. Steinway & Sons Inc.*, No. CV-18-01131-PHX-MTL, 2021 WL 2434207, at *2 (D. Ariz. May 26, 2021) (citing LRCiv 54.2(d)).

*Hinton v. Completely Innocent LLC*, CV-21-01019-PHX-SPL, 2022 WL 1265924, at *1 (D. Ariz. Apr 28, 2022).

As stated in *Societe Civile Succession Richard Guiono v. Beseder Inc.*, No. CV 03-1310-PHX-MHM, 2007 WL 3238703, at *7 (D. Ariz. Oct. 31, 2007): "[T]hese requirements are not advisory, but are mandatory to support an award of attorneys' fees."

"The requirements of both Federal Rule 54 and Local Rule[] 54.2 are not mere suggestions, but requirements to provide the Court with a substantive basis upon which to decide the eligibility and appropriateness of granting the requested relief." *Smith v. JP*

3722410.v1

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

*Morgan Chase Bank*, No. CV 11-8046-PCT-DGC, 2011 WL 4452961, at *3 (D. Ariz. Sept. 26, 2011) (motion for attorneys' fees denied because of non-compliance with LRCiv 54.2).

For the following reasons, Peterson violated LRCiv 54.2(c) and (d) and this Court lacks the substantive basis upon which to decide Peterson's entitlement to fees and the reasonableness of the fees sought.

1. The Memorandum failed to include a discussion of "eligibility," "entitlement," and "reasonableness of requested award," "with appropriate headings and in the order listed below" as required under LRCiv 54.2(c).

2. Peterson failed to address any of the 13 "*Kerr* factors" that "should" be discussed under LRCiv 54.2(c)(3) to support the reasonableness of the requested award. *See Stetson v. Grissom*, 821 F.3d 1157, 1167 (9th Cir. 2016) (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)) ("These factors are known as the *Kerr* factors.").

3. LRCiv 54.2(d)(1) mandates that a Statement of Consultation "shall be attached" to each Memorandum filed in support of a motion for fees. LRCiv 54.2(d)(1) further states in plain language that in the absence of such a Statement of Consultation, no fee motion will be considered (emphasis added):

> A Statement of Consultation. ***No motion for award of attorneys' fees will be considered unless a separate statement of the moving counsel is attached to the supporting memorandum certifying that, after personal consultation and good faith efforts to do so, the parties have been unable to satisfactorily resolve all disputed issues relating to attorneys' fees*** or that the moving counsel has made a good faith effort, but has been unable, to arrange such conference. ***The statement of consultation shall set forth the date of the consultation, the names of the participating attorneys and the specific results*** or shall describe the efforts made to arrange such conference and explain the reasons why such conference did not occur.

In violation of LRCiv 54.2(d)(1), no Statement of Consultation was attached to Peterson's Motion. That is because, as reflected in the Declaration of Clifford J. Roth (*Exhibit 1 hereto*), ***there was no personal consultation by Peterson's counsel*** about resolving any issue relating to Peterson's attorneys' fees. Peterson's counsel had every

3

3722410.v1

opportunity to personally consult about Peterson's fees when they were telephoned by Fyve's counsel to engage in a good faith consultation about Fyve's fees, but they failed to do so. (Roth Declaration, ¶ 9).

Rules have no meaning if they are not enforced. Fyve complied with LRCiv 54.2(d)(1) and Peterson did not. The Court should enforce LRCiv 54.2(d)(2) and decline to consider Peterson's Motion because his counsel failed to consult and failed to provide the required Statement of Consultation.

4. LRCiv 54.2(d)(2) requires that "[a] copy of any written fee agreement, or a full recitation of any oral fee agreement, ***must be attached*** to the supporting memorandum. If no fee agreement exists, then counsel ***must attach*** a statement to that effect." (Emphasis added). We can only speculate about whether a fee agreement exists between Peterson and his counsel because neither a fee agreement nor a statement that no fee agreement exists was attached to the Motion.

5. LRCiv 54.2(d)(4) mandates that a fee motion "must be accompanied by an affidavit of moving counsel which, at a minimum, sets forth": (A) the background of each attorney involved, including their qualifications, experience, and case-related contributions; (B) the reasonableness of the rate (discussed further below); and (C) the reasonableness of the time spent and the expenses incurred. No affidavit of counsel was attached to Peterson's Motion. In the absence of counsel's affidavit, the reasonableness of the hourly rate, time spent and fees sought cannot be properly evaluated.

Peterson's Motion falls far short of complying with LRCiv 54.2(c) and (d). Peterson has done nothing to correct these deficiencies since the filing of the Motion. The cumulative effect of these deficiencies is sufficient to prevent the Court and Fyve from properly analyzing the Motion. Peterson has failed to meet his burden of proof and his Motion should be denied.

/ / / /

4

3722410.v1

## II. Peterson Is Not the Successful or Prevailing Party

### A. Peterson Is Not Entitled to an Award of Attorneys' Fees Under § 12-341.01

Section 12-341.01 authorizes the Court in its discretion to award reasonable attorneys' fees to the "successful party." For all the reasons set forth in Fyve's Motion for Award of Attorneys' Fees, filed 12/11/23 ("Fyve's Motion," Doc. 26), ***Fyve is the successful party*** in this case entitled to a fee award under § 12-341.01. Those same reasons support the conclusion that ***Peterson is not the successful party*** for purposes of § 12-341.01. Therefore, to avoid unnecessary duplication on the reasons why Peterson is not the successful party, Fyve incorporates herein by reference the "successful party" discussion in Fyve's Motion (Doc. 26, 3:20-5:24, 6:14-7:14, 8:2-22, and 9:6-10:5).

In addition, the argument in Peterson's Motion that he is the successful party will not withstand scrutiny for at least three reasons. First, he contends that because the Court found that he owns 100% of the membership interest in Dan Peterson Property Management, LLC (the "Company"), "it found for Plaintiff [Peterson] on the most important point." (Motion, 4:23-27). Ownership of the Company was not the "most important point" in this litigation. In fact, as explained in Fyve's Motion (Doc. 26, 4:1-9), the Court's Order filed 11/3/23 recognized that ownership of the Company was not even disputed by Fyve at the hearing on 10/6/23: "The hearing on the parties' Motions made clear that ***no dispute remains as to the first aspect of Plaintiff's claim*** for Declaratory Judgment—***that Plaintiff is the sole owner, or member, of the Company***." (Doc. 22, 5:8-10) (emphasis added). This confirms that the Court correctly understood that the key dispute in this case was over control, not ownership. Peterson cannot claim victory based on an issue that was not even in dispute at the time of the hearing.

Second, on the main issue of management control of the Company, Peterson was not the successful party. To the contrary, Fyve was successful as the Court agreed with Fyve's arguments that nothing in the operative documents or Arizona or Delaware law granted Peterson the right to control the Company. (Fyve's Motion, Doc. 26, 5:6-20). The Court

5

3722410.v1

further agreed with Fyve that management control of the Company was governed by the Company's Amended Articles of Organization, under which Peterson was only one of four managers of the entity.  (*Id*., 4:10-5:5).  The relief ordered by the Court – continued management of the Company by the four managers under the Amended Articles (Order filed 11/3/23, Doc. 22, 8:2-4) – was the same relief requested by Fyve, which was a continuation of the management of the Company as it existed before Peterson improperly seized control on 9/1/23.  Specifically, Fyve's Cross-Motion for Injunctive Relief sought an Order granting the following relief:  "Fyve is restored to full control over DPPM [the Company] and all its business operations and affairs ***to the same extent that Fyve exercised control over DPPM prior to September 1, 2023***."  (Doc. 9, 15:10-12, emphasis added). Under the Court's 11/3/23 Order, Fyve was the successful party and Peterson lost.  *See Farrar v. Hobby* , 506 U.S. 103, 111–12, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) ("a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.").

Third, Peterson claims that he ultimately received all the relief he sought.  (Motion, 5:1-12).  But Peterson received management control over the Company not because of the Court's 11/3/23 Order, but because his immediate and blatant violations of that Order by unilaterally managing the Company created such risk to the Company, the other three managers of the Company, and Fyve that the other three managers were forced to resign on 11/6/23.  The 11/6/23 resignation letter from Messrs. Ferron, Spell, and Bohm is attached to Peterson's Motion as Exhibit 3 (Doc. 27-4).  Peterson mischaracterizes that letter by claiming that the managers resigned because they apparently recognized the inevitability that Peterson had the power to amend the Articles of Organization.  (Doc. 27, 5:5-7).  A review of the letter, however, reveals no mention of a possible amendment of the Articles.  Instead, it states that the resignation was "the best way to provide clarity and direction to all stakeholders, and to preserve the Company's value going forward, and to eliminate the any risk to us and Fyve, Inc. from your willful disregard the court's order."  (Doc. 27-4, page

6

2). The fact that the other managers resigned because they could not tolerate Peterson's violations of the Court's Order does not support the conclusion that Peterson was the successful party under that Order.

Peterson is not the successful party and is not entitled to an award of attorneys' fees under § 12-341.01.

**B.   Peterson Is Not Entitled to an Award of Costs Under Rule 54(d)(1)**

For the same reasons that Peterson is not the "successful party" for purposes of attorneys' fees under § 12-341.01, he is not the "prevailing party" for purposes of costs under Rule 54(d)(1). He did not prevail and his request for costs in the amount of $412 should be denied.

Included in Peterson's Bill of Costs is a $10 charge for "Fees for service of summons and subpoenas." (Doc. 27-2, page 2). But Fyve's counsel signed a Waiver of Service of Process (Doc. 8), so there should be no fees for service of process. And that $10 charge is described elsewhere by Peterson as an expense for "Private Investigators, Investigative Reports and Investigation Fees." (Doc. 27-3, page 5). Such an expense does not appear to be a proper cost allowable under Rule 54(d)(1).

**III.   Peterson Has Not Demonstrated the Reasonableness of the Fees Sought**

As noted above, LRCiv 54.2(d)(4) requires that a fee motion be accompanied by an affidavit of moving counsel that addresses several specific matters. No affidavit or declaration of counsel for Peterson was attached to the Motion. As a result, Peterson cannot prove the reasonableness of the fees sought for numerous reasons, including without limitation the following.

1.   In violation of LRCiv 54.2(d)(4)(A), there is no "brief description of the relevant qualifications, experience and case-related contributions of each attorney for whom fees are claimed." Without that discussion of the qualifications and experience, Fyve and the Court can only guess as to whether the requested hourly rates are reasonable.

2.   The reasonableness of rates also is the subject of LRCiv 54.2(d)(4)(B), entitled "Reasonableness of Rate." Here again, Fyve and the Court are hampered in

7

evaluating Peterson's Motion by the lack of counsel's affidavit discussing: (A) the terms of the fee agreement; (B) payment by the client; and (C) the method by which the charges were established.

3. In violation of LRCiv 54.2(d)(4)(C), Peterson provided none of the elements to be addressed regarding the "reasonableness of time spent and expenses incurred."

4. LRCiv 54.2(c)(2) states in part: "If the moving party claims entitlement to fees for preparing the motion and memorandum for award of attorneys' fees and related non-taxable expenses, such party also must cite the applicable legal authority supporting such specific request." Peterson did not cite any legal authority to support an award of fees for preparing his motion for fees. Therefore, the request for $817 in fees for 3.8 hours spent working on the motion for fees and costs by paralegal Ben Dangerfield on 12/8/23 and 12/9/23 should be denied.

5. As noted above, Peterson failed to discuss any of the 13 *Kerr* factors listed in LRCiv 54.2(C)(3) that specifically address the "Reasonableness of Requested Award."

In sum, because of these violations, it is not possible to properly assess the reasonableness of the billing rates, the time spent, or the fees sought. Peterson's request for attorneys' fees should be denied.

**IV.     Conclusion**

Peterson's Motion for fees is incomplete and inadequate in numerous respects. LRCiv 54.2 spells out exactly what is required to be included in and attached to a motion for attorneys' fees. Peterson ignored the rule and did not even cite it in his Motion. The requirements of LRCiv 54.2 violated by Peterson "are not advisory, but are mandatory to support an award of attorneys' fees." *Societe Civile*, 2007 WL 3238703, at *7. Peterson's Motion should be denied in its entirety for failure to comply with the rules.

The Motion also should be denied because Peterson is not the successful/prevailing party. Finally, the Motion should be denied because Peterson has not met his burden of proving that the amounts sought are reasonable. Fyve respectfully requests an award of fees incurred in responding to the Motion under § 12-341.01.

8

RESPECTFULLY SUBMITTED this 26th day of December, 2023.

        SACKS TIERNEY P.A.

       By:  */s/ Clifford J. Roth*
        Randy Nussbaum
        Clifford J. Roth
        Attorneys for Defendant Fyve, Inc.

3722410.v1

## CERTIFICATE OF SERVICE

I hereby certify that on December 26, 2023, I electronically transmitted the foregoing Defendant's Response to Plaintiff's Motion for Attorneys' Fees and Costs to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

> Robert T. Mills, Esq.
> Sean A. Woods, Esq.
> Mills + Woods Law, PLLC
> 5055 North 12th Street, Suite 100
> Phoenix, Arizona 85014
> *Attorneys for Plaintiff*

  /s/ Brittany Crane

3722410.v1