Exhibit 1

# DECLARATION OF CLIFFORD J. ROTH

I, Clifford J. Roth, hereby declare as follows:

1. I am one of the attorneys for Fyve, Inc. ("Fyve"), the Defendant in *Dan Peterson, as Trustee of the Dan D. Peterson Living Trust dated April 2, 2009 v. Fyve, Inc.*, No. 2:23-CV-1974-JJT.

2. I make this Declaration based on my personal knowledge in support of Defendant's Response to Plaintiff's Motion for Attorneys' Fees and Costs ("Fyve's Response"), to which this Declaration is attached as *Exhibit 1*.

3. Much of the information in this Declaration repeats information set forth in my Certification of Counsel dated 12/11/23, attached to Defendant's Motion for Award of Attorneys' Fees filed on 12/11/23 ("Fyve's Motion," Doc. 26, pages 16-17).

4. On December 8, 2023:

    A. At about 2:38 p.m., I left a voicemail message for Sean A. Woods, one of the attorneys for Plaintiff Dan Peterson, as Trustee of the Dan D. Peterson Living Trust dated April 2, 2009 ("Peterson"), asking him to call me to discuss payment of the attorneys' fees of Fyve.

    B. At about 2:45 p.m., I sent a follow-up email to Mr. Woods and his partner, Robert T. Mills, asking them to call me at their earliest convenience to discuss whether Peterson will agree to pay Fyve's attorneys' fees.

    C. At about 2:55 p.m., Mr. Mills sent me an email response stating: "No. Will Fyve agree to pay my client's attorneys fees?"

    D. At about 3:10 p.m., I sent another email to Mr. Mills stating that I would like to discuss the attorneys' fees issues with him and asking what number I should call.

    E. At about 3:14 p.m., Mr. Mills sent me an email with his telephone number.

    F. At about 3:22 p.m., I telephoned and personally consulted with Mr. Mills about payment of Fyve's attorneys' fees. I asked whether Peterson would agree to

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

3722408.v1

EXHIBIT 1

pay anything to Fyve for attorneys' fees and he responded that he was sure that Peterson would not. I then asked about whether Peterson would agree that each party bear its own attorneys' fees, which would be a "walk away" on attorneys' fees. I told him that I did not have authority to offer such a "walk away" agreement and had not even discussed that issue with our client. I said that if his client were interested in such an agreement, I would discuss it with our client. Mr. Mills said that he could almost guarantee that Peterson's answer would be no, but that he would check with Peterson and let me know.

5. On Sunday, December 10, 2023, at about 1:45 p.m., Mr. Mills sent me an email stating: "My client does not agree to pay Fyve's attorney fees or to a 'walk away' on attorneys fees."

6. A copy of the email exchange between Mr. Mills and me on December 8, 2023 and December 10, 2023 is attached to Fyve's Response as *Exhibit 2*. A copy of that email exchange inadvertently was not attached to Fyve's Motion. I apologize for that error, but Peterson suffered no prejudice from it since his counsel participated in that email exchange and thus already had a copy of it.

7. At the time of my communications with Peterson's counsel, it was, and currently is, my understanding that an email or letter is not sufficient to satisfy the good faith personal consultation requirement, and that a meeting or telephone conversation is required. *See, e.g.*, *Shupe v. Kroger Co.*, No. CV-17-00496- TUC-DCB, 2018 WL 9708467, at *1 (D. Ariz. Mar. 6, 2018) ("Personal consultation means personal contact, such as occurs in person, face-to-face, or on the telephone, not communication by letters, faxes or emails."); *see also* Rule 7.1(h), Arizona Rules of Civil Procedure ("The consultation required by this rule must be in person or by telephone, and not merely by letter to email.").

8. Although Mr. Mills' email at about 2:55 p.m. on December 8, 2023 asked if Fyve would pay his client's attorneys fees, that email does not satisfy the good faith personal consultation requirement of LRCiv 54.2(d)(1).

9.  During my telephone call to Mr. Mills at about 3:22 p.m. on December 8, 2023 to discuss issues relating to Fyve's attorneys' fees, Mr. Mills could have consulted about Peterson's attorneys' fees, but he never asked about payment of Peterson's fees and never tried to resolve any issue regarding Peterson's fees.

10. I declare under penalty of perjury that the foregoing statements are true and correct.

DATED this 26th day of December, 2023.

                                         */s/ Clifford J. Roth*  
                                         Clifford J. Roth

3722408.v1