Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
rmills@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Dan Peterson, as Trustee of the Dan D. Peterson Living Trust, Dated April 2, 2009, a trust formed under the laws of Arizona,<br><br>Plaintiff,<br><br>vs.<br><br>Fyve, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No.: CV-23-01874-PHX-JJT<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR AWARD OF ATTORNEYS' FEES**<br><br>(Assigned to the Honorable John J. Tuchi) |

Through counsel undersigned, Plaintiff Dan Peterson, as Trustee of the Dan D. Peterson Living Trust, Dated April 2, 2009 ("Plaintiff") hereby responds in opposition to Defendant's Motion for Award of Attorneys' Fees ("Defendant's Motion") filed by Fyve, Inc. ("Defendant"). Defendant's Motion should be denied, primarily because Defendant is not the "successful party" for purposes of a fee award, but also because the amount of fees sought is plainly unreasonable. This Response is supported by the relevant parts of the record in this action and the Memorandum of Points and Authorities that follows.

///

///

///

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    DEFEFNDANT IS NOT THE "SUCCESSFUL" PARTY.**

The parties agree that A.R.S. § 12-341.01 governs the issue of a potential award of attorneys' fees in this action.  *See* Def.'s Mot. 5:24-28, ECF No. 26.  That section provides that "[i]n any contested action arising out of a contract, express or implied, the court may award the ***successful*** party reasonable attorney fees." A.R.S. § 12-341.01(A).  The parties also agree that this action arises out of contract.  *See* Def.'s Mot. 6:7-26.  The crucial issue is which party is the "successful" party, and that party is Plaintiff.

With respect to that issue, "'***[p]artial success does not preclude a party from 'prevailing'*** and receiving a discretionary award of attorneys' fees'; the superior court may find that a party is the successful party even when the recovery it obtains is '***significantly reduced***.'"  *Lee v. ING Investment Management, LLC*, 240 Ariz. 158, 161, ¶ 10 (App. 2016) (emphasis added) (quoting *Berry v. 352 E. Virginia, LLC*, 228 Ariz. 9, 14, ¶¶ 23–24 (App. 2011)) (finding plaintiff was the "successful party" even though the Court reduced his requested recovery by at least ***two-thirds***).  Even if a defendant "successful[ly] defen[ds] against a ***majority*** of [a plaintiff's] claims," that "is not dispositive of whether it is 'successful' for purposes of § 12-341.01(A)." *Klarkowski v. Define*, No. 1 CA-CV 17-0583, at *4-5 (Ariz. App. Oct. 9, 2018) (emphasis added) (citing *Lee*, 240 Ariz. at 161, ¶¶ 9-10); *see also Sw. Concrete Paving Co. v. SBBI, Inc.*, No. 1 CA-CV 17-0294, at *7-8 (Ariz. App. May 22, 2018) (affirming trial court's determination that plaintiff was the successful party ***even where it only recovered 15%*** of what it requested).

Here, Plaintiff is the "successful party" under A.R.S. § 12-341.01(A). Its declaratory judgment claim requested "a Declaratory Judgment that it is the sole owner of [Dan Peterson Property Management, LLC] and has the right to control it and its operations." Compl. ¶ 64, ECF No. 1. The Court granted Plaintiff's requested relief on the first and most important issue, finding that Plaintiff "owns 100% of the membership interest of Dan Peterson Property Management, LLC, . . . and . . . is entitled to the economic rights associated therewith." Order 7:27-8:2, ECF No. 22.

Ownership (as opposed to mere control) was *the crucial* issue, because along with 100% ownership came the ability, through appropriate amendment to the Articles of Organization and the Operating Agreement, to simply remove Defendant's personnel as managers of the Company. In fact, recognizing that inevitability, all Defendant's personnel serving as managers of the Company resigned on November 6, 2023, **just three (3) days after the Court's November 3 Order**. *See* Pl.'s Mot. Att'ys' Fees and Costs, Ex. 3, ECF No. 27-4. Plaintiff then had 100% control as well as 100% ownership. This is exactly what Plaintiff requested and could not achieve prior to initiating this lawsuit, despite exercising self-help. If Defendant's personnel had simply done this exact thing in September, the entire legal battle could have been avoided. Instead, Defendant created the scenario wherein Plaintiff had to request assistance from the Court.

Moreover, even if Plaintiff had received only a small portion of what it had prayed for (and it ultimately received *everything*), it *still* would be the successful party. *See Sw. Concrete Paving*, No. 1 CA-CV 17-0294, at *7-8; *Lee*, 240 Ariz. at 161, ¶ 10; *Klarkowski*, No. 1 CA-CV 17-0583, at *4-5; *Berry*, 228 Ariz. at 14, ¶¶ 23–24.

Defendant, however, argues that it was the successful party because the Court did not grant Plaintiff full control over the Company. Defendant even baldly states that "the Court's 11/3/23 Order was a 'win' for [Defendant]." Def.'s Mot. 10:5. Defendant greatly overstates the importance of control of the Company in the absence of ownership. The reality, which Defendant well knows, is that once the Court granted Plaintiff 100% ownership, gaining 100% control was a foregone conclusion. After the Court's Order, Plaintiff could simply amend the Articles of Organization and the Operating Agreement and remove Defendant's personnel as managers of the Company. In fact, Plaintiff did not even need to resort to amendment, because all of Defendant's personnel serving as managers of the Company simply resigned just three (3) days after the Order was issued. *See* Pl.'s Mot. Fees, Ex. 3. Defendant seriously asks the Court to believe that retaining control over the Company was such an important "win" that Defendant then voluntarily gave up that "win" only three (3) days later! The reality, of course, is that Plaintiff obtained the "win" here, because shortly following the Court's Order it received full control as well as full ownership – everything it hoped to gain in this litigation. It was clearly the successful party.

Moreover, to the extent Defendant argues that the ownership issue was not contested, it is wrong. In fact, Defendant's Reply in Support of its Cross-Motion for Temporary Restraining Order and Preliminary Injunction, submitted only a week before the Hearing, hotly contests Plaintiff's claim of ownership. Therein, Defendant argues that Plaintiff is mischaracterizing its legal position with respect to ownership, and flatly states that "[Defendant] ***denies that Lender received any ownership interest*** in . . . [the

4

Company]." Def.'s Reply 2:20-21, ECF No. 15 (emphasis added).  In addition, Defendant contends that "[t]he Pledge and Security Agreement . . . and the Assignment . . . [merely] created a security interest in the collateral and ***did not transfer ownership*** . . . over [the Company]."  *Id.* at 2:24-26 (emphasis added); *see also id.* at 3:2-5 (criticizing Plaintiff's contention that it may "use self-help to seize full ownership and control of the [Company]").  Clearly, the ownership issue was contested right up until the Hearing.

For all the foregoing reasons Plaintiff, and not Defendant, is the successful party in this litigation for purposes of a fee award.

## II. Even if it Is the "Successful" Party, Defendant Should Not be Awarded Fees.

Even if the Court somehow finds that Defendant is the "successful" party (and it clearly is not), it should still decline to award it any fees.  An award of fees to the successful party under A.R.S. § 12-341.01 is discretionary, not automatic, and with regard to that discretion:

> [Arizona's] supreme court has prescribed the following pertinent factors courts should consider in determining whether to award fees under § 12-341.01(A): (1) the merits of the claim or defense the unsuccessful party presented; (2) whether the parties could have avoided or settled the litigation and whether "the successful party's efforts were completely superfluous in achieving the result"; (3) whether assessing fees against the unsuccessful party will cause an extreme hardship; (4) whether the successful party prevailed on all relief sought; (5) the novelty of the legal questions presented; (6) whether the claims or defenses had been previously adjudicated in Arizona; and (7) whether an award of fees would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorney fees.

*Orfaly v. Tucson Symphony Society*, 209 Ariz. 260, 265-66, ¶ 19 (App. 2005) (quoting and citing *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 570 (1985)).

As set forth in Plaintiff's Motion for Attorneys' Fees and Costs, the above factors not only favor denying Defendant a fee award, they each clearly favor an award of fees to Plaintiff. Factor (1) tilts toward Plaintiff. Defendant presented no credible defense to Plaintiff's claim of ownership, and ultimately conceded after the Court's Order that Plaintiff would control the Company. Factor (2) clearly tilts toward Plaintiff as well. The expense of the litigation could have been avoided had Defendant's personnel simply resigned as managers following Defendant's admitted default under the purchase agreements and Promissory Note. Factor (3) also tilts against Defendant because an assessment of nearly $90,000.00, the amount requested by Defendant, against Plaintiff will cause an extreme economic hardship. Factor (4) tilts toward Plaintiff because, as discussed in **§ I**, *supra*, Plaintiff prevailed on the most important point in the litigation, ownership of the Company (and prevailed on control of the Company only three (3) days later). Factor (5) tilts toward Plaintiff because there is nothing novel about the legal issues here. This was a straightforward contractual dispute, and Defendant did not present evidence disputing Plaintiff's claim of 100% ownership. Factor (6) also favors Plaintiff. The claims and defenses were typical of contract claims and defenses regularly resolved by Arizona Courts. Finally, factor (7) favors Plaintiff as well. Defendant did not have a defense to Plaintiff's claim of ownership. Defendant was admittedly in default. It claimed a bare right to control based on the fact that certain of its personnel were managers of the Company. But Defendant recognized that this position would ultimately fail because Plaintiff owned 100% of the Company. Nothing here will discourage anyone from litigating or defending those claims based on a fee award to Plaintiff in this action.

The Court should utilize its considerable discretion and deny Defendant an award of fees.

### III.     **DEFENDANT'S REQUESTED FEES ARE NOT REASONABLE.**

"Because the prevailing party is only entitled to recover 'reasonable' fees, however, a court must disallow all requested fees in excess of a ***reasonable*** amount." *Hameed v. Isho Petroleum, LLC*, 1 CA-CV 22-0598, at *5 (Ariz. App. May 16, 2023) (emphasis added) (citing *Tucson Ests. Prop. Owners Ass'n v. Jenkins*, 247 Ariz. 475, 478, ¶ 10 (App. 2019)). "If the prevailing party incurs fees in an amount greater than necessary in light of the result obtained, the court must reduce the fee award accordingly." *Id.* (citing *Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183, 189 (App. 1983).

Here, Defendant requests an award of fees in a total amount of $88,854.50. Def.'s Mot. 15:8-9, ECF No. 26. That is nearly ***three (3) times*** the amount requested by Plaintiff in its own Motion for Fees. *See* Pl.'s Mot. Att'ys' Fees and Costs 7:18-20, ECF No. 27 (requesting merely $28,598.00 in fees). Both sides filed, and replied in support of, similar motions for temporary restraining order and preliminary injunction. Both sides responded to the opposing side's motion. Both sides had to prepare for the same Hearing. Both sides also filed cross-motions for attorneys' fees. Yet Defendant requests approximately $90,000.00 in fees, while Plaintiff requests only approximately $30,000.00. As noted above, Defendant also forced Plaintiff to litigate the issue of ownership of the Company, only to abandon that position at the Hearing. Given those circumstances, and given that this action was filed less than four (4) months ago, fees in the amount of $88,854.50 are

clearly and patently unreasonable, and should be greatly reduced in the event the Court decides to award Defendant any fees at all.

## IV. CONCLUSION

For all the foregoing reasons, the Court should find that Defendant is not entitled to an award of fees because it was not the successful party in this action. However, to the extent, if any, the Court determines Defendant *is* the successful party, it should utilize its considerable discretion and decline to award it any fees, or at least should drastically reduce any fee award to reflect what is reasonable under these circumstances.

**RESPECTFULLY SUBMITTED** this 26th day of December 2023.

**MILLS + WOODS LAW, PLLC**

By  */s/ Sean A. Woods*
    Robert T. Mills
    Sean A. Woods
    5055 North 12th Street, Suite 101
    Phoenix, AZ 85014
    *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on December 26, 2023, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Randy Nussbaum
Nussbaum@SacksTierney.com
Clifford J. Roth
Roth@SacksTierney.com
**SACKS TIERNEY P.A.**
4250 N Drinkwater Blvd., 4th Floor
Scottsdale, AZ 85251-3693
*Attorneys for Defendant Fyve, Inc.*


    */s/ Ben Dangerfield*