Randy Nussbaum (SBN 006417)
Nussbaum@SacksTierney.com
Clifford J. Roth (SBN 006442)
Roth@SacksTierney.com
SACKS TIERNEY P.A.
4250 N. Drinkwater Blvd., 4th Floor
Scottsdale, AZ 85251-3693
Telephone:  480.425.2600

Attorneys for Defendant Fyve, Inc.

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Dan Peterson, as Trustee of the Dan D. Peterson Living Trust dated April 2, 2009, a trust formed under the laws of Arizona,<br><br>    Plaintiff,<br><br>v.<br><br>Fyve, Inc, a Delaware corporation,<br><br>    Defendant. | No.  2:23-CV-1874-JJT<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES**<br><br>(Assigned to Hon. John J. Tuchi) |

In accordance with LRCiv 54.2(B)(3), Defendant Fyve, Inc. ("Fyve") respectfully submits this Reply in support of its Motion for Award of Attorneys' Fees (Doc. 26).

Nothing in the Response (Doc. 29) filed by Plaintiff Dan Peterson, as Trustee of the Dan D. Peterson Living Trust dated April 2, 2009 ("Peterson") alters the conclusion that Fyve is eligible for and entitled to an award of attorneys' fees under § 12-341.01 and that the amount of fees requested, $88,854.50, is reasonable.  Fyve is the successful party for purposes of § 12-341.01 because the Court granted the relief requested by Fyve on the main issue in this case, which was that management control over Dan Peterson Property Management, LLC (the "Company") remain the same as it existed before Peterson unilaterally seized control of the Company on 9/1/23.  As to the reasonableness of the fees sought, Peterson raises only general objections, which fail to comply with the specificity

3726221.v1

requirements of LRCiv 54.2(f) and the case law enforcing that rule.

## MEMORANDUM OF POINTS AND AUTHORITIES

Before addressing the limited arguments raised in Peterson's Response, it is helpful to note what is not in dispute. Both parties agree that this is a contested action arising out of a contract within the meaning of § 12-341.01(A). (Response, 2:3-8). Peterson does not challenge the reasonableness of the hourly rates charged by Fyve's counsel, or that counsel properly exercised "billing judgment" under LRCiv 54.2(d)(4)(C) by reducing the fees billed by approximately 14.8% (fees reduced from $104,301.50 to $88,854.50). Neither does Peterson contest the adequacy of the Certification of Counsel (to comply with the good faith personal consultation requirement of LRCiv 54.2(d)(1)), the Declaration of Randy Nussbaum, the fee agreement between Fyve and its counsel, the task-based itemization of services attached to the Nussbaum Declaration, or that the fees incurred by Fyve in preparing its fee motion are recoverable.

### I.  **Fyve Is Eligible for and Entitled to an Award of Attorneys' Fees**

Peterson argues that he, not Fyve, is the successful party under § 12-341.01. Much of that argument is simply copied-and-pasted from Peterson's Motion for Attorneys' Fees and Costs. (*Compare* Motion, Doc. 27, 4:11-5:16 *with* Response, Doc. 29, 2:11-18, 3:1-27). More importantly, Peterson's argument fails on the merits because Fyve is the successful party for the following reasons.

1. As the Court will recall, the main issue in this case was who was entitled to exercise management control over the Company. As explained in the Motion (Doc. 26, 4:10-5:5), Fyve was successful on that main issue because the Court agreed with Fyve that the Company must continue to be managed under the applicable organizational and operational documents, with three of the four managers being Fyve representatives. (Order filed 11/3/23, Doc. 22, 5:11-19, 6:15-17, 8:2-7)  Peterson in his filings completely ignored the critical fact that the Company was a manager-managed entity under its governing organizational documents. (Order, Doc. 22, 5:16-19; *see* Fyve's Motion, Doc. 26, 7:2-14). As explained in greater detail in Fyve's Response to Plaintiff's Motion for Attorneys' Fees

2

and Costs (Doc. 28, 5:25-6:15), ***Fyve is the successful party in this case because the relief ordered by the Court was the same as that requested by Fyve*** in the Cross-Motion for Injunctive Relief (Doc. 9, 15:10-12).

2. Despite Peterson's claim to the contrary, ownership of the Company was not the "crucial issue" in this case. In fact, as the Court properly understood that at the hearing, no dispute remained on the issue of Peterson's ownership of the Company. (Order, Doc. 22, 5:8-10; *see* Fyve's Motion, Doc. 26, 4:1-9; Fyve's Response, Doc. 28, 5;12-24).

3. Peterson contends that he is the successful party because he gained control of the Company three days after the Court's Order when Fyve's three representatives resigned as managers. (Doc. 29, 3:10-22). That contention fails because Peterson's control did not result from any ruling by the Court. To the contrary, the resignation was a non-judicial act that occurred *after* the Court's Order filed 11/3/23. And, contrary to Peterson's suggestion (Doc. 29, 3:13-17), Fyve's representatives resigned not because they could have been removed if Peterson had properly prepared and filed amended articles of organization, but because they could not tolerate Peterson's actions in immediately and blatantly violating the Court's 11/3/23 Order by unilaterally managing the Company in such a manner that created unreasonable risk to the Company, themselves as managers of the Company, and Fyve. The circumstances of the resignation are discussed in greater detail in Fyve's Response, Doc. 28, 6:16-7:3. In determining the successful party for purposes of § 12-341.01, the Court must base its decision on the parties' relative success in rulings by the Court, not on post-ruling acts that occurred because of an opponent's misconduct in violation of the Court's ruling.

4. Fyve is the successful party because the Court agreed with Fyve that none of the documents relied upon by Peterson granted him the right to control the Company. (*See* Motion, Doc. 26, 5:6-13). Similarly, Fyve succeeded in arguing that nothing in Arizona or Delaware law granted Peterson the right to control the Company. (*Id.*, 5:14-20).

5. Finally, Fyve was successful on procedural issues in the case: (A) the Court denied Peterson's request for an ex parte TRO (Doc. 6) (Peterson failed to timely provide

3

3726221.v1

that ruling to Fyve, causing Fyve to expend unnecessary fees in preparing a filing to assert a position the Court had already agreed with (Doc. 7)); (B) the Court agreed with Fyve in ruling that no injunction bond was required of either party (*see* Fyve's Motion, Doc. 26, 5:21-24; and (C) the Court agreed with Fyve that a Judgment, rather than the voluntary dismissal requested by Peterson, was the appropriate procedural document for resolving this case (Order filed 11/27/23, Doc. 24).

Peterson next argues that even if the Court determines that Fyve is the successful party, it should nevertheless exercise its discretion to deny fees to Fyve under the *Warner* factors. (Response, Doc. 29, 5:11-7:2). Here again, the bulk of the discussion is copied-and-pasted from Peterson's Motion for Attorneys' Fees and Costs. (*Compare* Motion, Doc. 27, 5:22-6:27 *with* 5:17-6:27). Fyve stands on the analysis in its Motion of how the *Warner* factors favor an award to Fyve. (Fyve's Motion, Doc. 26, 7:15-10:19).

As the successful party, Fyve is eligible for and entitled to an award of attorneys' fees under contractual attorneys' fees statute, § 12-341.01.

## II.     The Amount of Fees Requested Is Reasonable

LRCiv 54.2(f) specifies the content of a response to a motion for fees. It provides in its entirety (emphasis added):

> The responsive memorandum of points and authorities in opposition to a motion for award of attorneys' fees and related non-taxable expenses shall identify with specificity all disputed issues of material fact and ***shall separately identify each and every disputed time entry or expense item***. The respondent may attach controverting affidavits.

Numerous cases interpreting LRCiv 54.2(f) have made clear that general objections to fees as excessive do not comply with the rule and are insufficient to justify a reduction in fees. For example, in *Advocates for Individuals with Disabilities, LLC v. MidFirst Bank*, No. CV-16-01969-PHX-NVW, 2018 WL 3545291m at *7 (July 24, 2018), the Court stated:

> AID objects to some hours billed and the rates in general terms. Those non-specific objections are overruled. LRCiv 54.2(f). "It is not enough for

4

3726221.v1

an opposing party simply to state . . . that the hours claimed are excessive and the rates submitted too high." *Ariz. v. Maricopa Cty. Med. Soc'y*, 578 F. Supp. 1262, 1264 (D. Ariz. 1984) (quoting *Nat. Ass'n of Concerned Vets. v. Sec'y of Def.*, 675 F.2d 1319, 1338 (D.C. Cir. 1982)).  Local Rule LRCiv 54.2(f) requires objection to specific time entries.

Similarly, the Court in *Arnhoelter v. Kaus*, No. CV-20-00403-PHX-JAT, 2020 WL 4673160, at *6 (Aug. 12, 2020), stated:

> But a bare suggestion that time spent on a task is excessive is not enough to justify a substantial reduction in Plaintiff's fee award because, to make such a cut, it must be clear not only why the fee is excessive but also by how much.  *Moreno*, 534 F.3d at 1112-13.  Without any elaboration from Defendants, the Court does not find that any time entry was excessive.  Thus, none of the fees requested in the objected-to entries will be reduced on account of excessive work.

*See also*, *e.g.*, *Reed v. Purcell*, No. CV 10-2324-PHX-JAT, 2011 WL 5128142, at *5 (Oct. 31, 2011) ("Defendant's conclusory response is insufficient to rebut Plaintiff's evidence of reasonableness.  *See* LRCiv 54.2(f).").

Just as Peterson failed to comply with numerous requirements of LRCiv 54.2 in filing his Motion for Attorneys' Fees and Costs (*see* Fyve's Response, Doc. 28, 2:3-4:25), he also failed to comply with LRCiv 54.2(f) in filing his Response to Fyve's Motion for Attorneys' Fees.  In mandatory terms, the rule states that the responding party "shall separately identify each and every disputed time entry."  Peterson did not do that.  Instead, he merely complained in generic, non-specific terms that Fyve's request is "clearly and patently unreasonable, and should be greatly reduced." (Doc. 29, 8:1).  That is precisely the sort of general objection rejected by the Court in the cited cases and other cases.

The Court should enforce LRCiv 54.2(f) and follow the cited case law by rejecting Peterson's general objection and awarding the full amount requested by Fyve, $88,854.50.

### III.  Conclusion

For all these reasons and those set forth in Fyve' Motion, Fyve respectfully requests the Court to grant the Motion and award Fyve the full amount requested, $88,854.50, plus additional fees incurred in briefing and arguing attorneys' fees issues.

5

3726221.v1

RESPECTFULLY SUBMITTED this 2nd day of January, 2024.

                SACKS TIERNEY P.A.

                By:  */s/ Clifford J. Roth*
                    Randy Nussbaum
                    Clifford J. Roth
                    Attorneys for Defendant Fyve, Inc.

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

3726221.v1

CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2024, I electronically transmitted the foregoing Defendant's Reply in Support of Motion for Award of Attorneys' Fees and Costs to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

>Robert T. Mills, Esq.
>Sean A. Woods, Esq.
>Mills + Woods Law, PLLC
>5055 North 12th Street, Suite 100
>Phoenix, Arizona 85014
>*Attorneys for Plaintiff*

 /s/ Brittany Crane

7

3726221.v1