Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
rmills@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Dan Peterson, as Trustee of the Dan D. Peterson Living Trust, Dated April 2, 2009, a trust formed under the laws of Arizona,<br><br>Plaintiff,<br><br>vs.<br><br>Fyve, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No.: CV-23-01874-PHX-JJT<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>(Assigned to the Honorable John J. Tuchi) |

Through counsel undersigned, Plaintiff Dan Peterson, as Trustee of the Dan D. Peterson Living Trust, Dated April 2, 2009 ("Plaintiff") hereby replies in support of his Motion for Attorneys' Fees and Costs, ECF No. 27 ("Plaintiff's Motion") and in opposition to Defendant's Response to same, ECF No. 28 ("Defendant's Response"). Defendant's Response criticizes Plaintiff for failing to adhere to a local rule that there is no evidence or indication is applicable. Further, contra Defendant Plaintiff is clearly the successful party because obtaining full ownership of the Company made the issue of his full control thereof a *fait accompli*. Finally, other than objecting to $817.00, Defendant makes no objection to the reasonableness of Plaintiff's requested fees. Consequently, Plaintiff's Motion should be granted, and his fees and costs awarded in full.

This Reply is supported by the relevant parts of the record in this action, in particular by Plaintiff's Motion and by Plaintiff's Response in Opposition to Defendant's Motion for Award of Attorney's Fees, ECF No. 29, and by the Memorandum of Points and Authorities below.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      PLAINTIFF WAS NOT REQUIRED TO ADHERE TO LRCIV 54.2.**

Defendant argues that Plaintiff's Motion violates LRCiv 54.2 in numerous respects. However, there is no indication that local rule applies here.

The very first sentence of LRCiv 54.2 declares that it "applies to claims for attorneys' fees . . . made in ***cases assigned to the Standard Track or Complex Track*** of the local rule governing Differentiated Case Management." (Emphasis added). Here, there is no evidence or indication that this action is, or ever was, assigned to the Standard or Complex Tracks of LRCiv 16.2, the local rule governing Differentiated Case Management.

LRCiv 16.2 sets forth four (4) types of "Tracks" a case in the District of Arizona can be assigned to – Complex, Standard, Expedited, and Detainee.  *See* LRCiv 16.2(b). Plaintiff reviewed the record and the online docket in this action and found no evidence or indication of the assignment of this matter to ***any*** of the four (4) Tracks, let alone to the Standard or Complex Tracks. Moreover, given the expedited procedural history of this action – namely, that both parties quickly filed cross-motions for temporary restraining order and preliminary and permanent injunction, *see* ECF Nos. 2, 9, the Court quickly issued orders providing for an expedited briefing schedule for same, *see* ECF Nos. 6, 10, a Hearing on same was scheduled and conducted within one (1) month of the initiation of

this action, *see* ECF Nos. 1, 6, 10, 21, and a Judgment of Dismissal was entered within three (3) months of initiation, *see* ECF Nos. 1, 25 – the Expedited Track appears to be the most applicable Track[1] (though of course there is no evidence of assignment to ***any*** Track).

There is no evidence or indication that Plaintiff was required to conform to the requirements of LRCiv 54.2 because there is no evidence or indication this action is, or ever was, assigned to the Standard or Complex Track (and if anything, the circumstances point toward the Expedited Track being the applicable one). Nevertheless, to the extent, if any, that this action ***is*** assigned to the Standard or Complex Tracks (without any evidence, indication, or notice to Plaintiff), it would be manifestly unjust and a violation of due process for the Court to deny Plaintiff's Motion for lack of compliance with a local rule it had no reason to know was applicable. Moreover, should the Court deem it appropriate or necessary and so directs, Plaintiff is fully able and willing to re-submit its fee request in full compliance with LRCiv 54.2.[2]

## II. PLAINTIFF IS THE SUCCESSFUL PARTY.

Defendant also contends that it, and not Plaintiff, is the successful party in this action for purposes of an award of fees under A.R.S. § 12-341.01. Defendant is simply wrong. Plaintiff is the "successful party" under A.R.S. § 12-341.01(A). Its declaratory judgment

---

[1] While LRCiv 16.2 contains a list of types of actions that "Expedited Track cases include," LRCiv 16.2(b)(1)(A)(i), the use of the word "include" necessarily implies that list is only a partial one, *see Include*, *Black's Law Dictionary* (9th ed. 2009). Also, the Detainee Track is clearly inapplicable because Plaintiff is not a criminal or civil detainee. *See* LRCiv 16.2(b)(2)(A).

[2] In addition, other than a few omissions (which can be readily remedied upon direction), Plaintiff's Motion is already in substantial compliance with the substance, if not necessarily the form, required by LRCiv 54.2.

claim requested "a Declaratory Judgment that it is the sole owner of [Dan Peterson Property Management, LLC] and has the right to control it and its operations." Compl. ¶ 64, ECF No. 1. The Court granted Plaintiff's requested relief on the first and most important issue, finding that Plaintiff "owns 100% of the membership interest of Dan Peterson Property Management, LLC, . . . and . . . is entitled to the economic rights associated therewith." Order 7:27-8:2, ECF No. 22.

Ownership (as opposed to mere control) was ***the*** crucial issue, because along with 100% ownership came the ability, through appropriate amendment to the Articles of Organization and the Operating Agreement, to simply remove Defendant's personnel as managers of the Company. In fact, recognizing that inevitability, all Defendant's personnel serving as managers of the Company resigned on November 6, 2023, just three (3) days after the Court's November 3 Order. *See* Pl.'s Mot., Ex. 3, ECF No. 27-4. Plaintiff then had 100% control as well as 100% ownership. This is exactly what Plaintiff requested and could not achieve prior to initiating this lawsuit, despite exercising self-help. If Defendant's personnel had simply done this exact thing in September, the entire legal battle could have been avoided. Instead, Defendant created the scenario wherein Plaintiff had to request assistance from the Court.

Defendant, however, argues that it was the successful party because the Court did not grant Plaintiff full control over the Company. Defendant greatly overstates the importance of control of the Company in the absence of ownership. The reality, which Defendant well knows, is that once the Court granted Plaintiff 100% ownership, gaining 100% control was a foregone conclusion. After the Court's Order, Plaintiff could simply

amend the Articles of Organization and the Operating Agreement and remove Defendant's personnel as managers of the Company. In fact, Plaintiff did not even need to resort to amendment, because all of Defendant's personnel serving as managers of the Company simply resigned just three (3) days after the Order was issued. *See* Pl.'s Mot., Ex. 3. Defendant seriously asks the Court to believe that retaining control over the Company was such an important "win" that Defendant then voluntarily gave up that "win" only three (3) days later! The reality, of course, is that Plaintiff obtained the "win" here, because shortly following the Court's Order it received full control as well as full ownership – everything it hoped to gain in this litigation. It was clearly the successful party.

Moreover, to the extent Defendant argues that the ownership issue was not contested, it is wrong. In fact, Defendant's Reply in Support of its Cross-Motion for Temporary Restraining Order and Preliminary Injunction, submitted only a week before the Hearing, hotly contests Plaintiff's claim of ownership. Therein, Defendant argues that Plaintiff is mischaracterizing its legal position with respect to ownership, and flatly states that "[Defendant] ***denies that Lender received any ownership interest*** in . . . [the Company]." Def.'s Reply 2:20-21, ECF No. 15 (emphasis added). In addition, Defendant contends that "[t]he Pledge and Security Agreement . . . and the Assignment . . . [merely] created a security interest in the collateral and ***did not transfer ownership*** . . . over [the Company]." *Id.* at 2:24-26 (emphasis added); *see also id.* at 3:2-5 (criticizing Plaintiff's contention that it may "use self-help to seize full ownership and control of the [Company]"). Clearly, the ownership issue was contested right up until the Hearing.

Finally, Defendant would have the Court believe that the resignation of its personnel serving as Managers of the Company had nothing to do with the Court's restoration of full ownership to Plaintiff just three (3) days earlier. Rather, according to Defendant, its personnel all voluntarily gave up the control they had just won, and had purportedly litigated so hard for, because Plaintiff was attempting to unilaterally manage the Company. *See* Df.'s Resp. 6:17-21, ECF No. 28. Defendant quotes the resignation letter and notes that it does not state that the resignations are because Plaintiff now has 100% ownership. *See id.* at 6:24-28. But it should be expected that a resignation letter would use a self-serving justification for its announced actions rather than the actual but legally unhelpful reason. Moreover, if control of the Company in the absence of ownership was such a prize, and Plaintiff really was attempting to unilaterally manage it in violation of the Court's Order, then Defendant could and would have continued to fight Plaintiff in Court, rather than simply and voluntarily giving up the "prize" it had "won" just three (3) days earlier.

For all the foregoing reasons, and all the additional reasons contained in Plaintiff's Motion, Plaintiff is the successful party entitled to attorneys' fees in this action.

## III. PLAINTIFF IS ENTITLED TO ITS COSTS.

For the same reasons that Plaintiff is the "successful party" for purposes of attorneys' fees under § 12-341.01, he is also the "prevailing party" for purposes of costs under Rule 54(d)(1). Therefore, his request for costs in the amount of $412 should be granted.

///

///

## IV. PLAINTIFF'S REQUESTED FEES ARE REASONABLE.

Defendant argues that Plaintiff's Motion fails to sufficiently demonstrate the reasonableness of its fees for several reasons, all of which involve Plaintiff's alleged lack of compliance with LRCiv 54.2. As set forth in detail in **§ I**, *supra*, that local rule is inapplicable here, and to the extent, if any, the Court finds it *is* applicable, Plaintiff is fully able and willing to re-submit its fee application in compliance therewith should the Court so direct.

More importantly, however – except for disputing the $817.00 in fees requested for preparing Plaintiff's Motion, Defendant makes no argument that Plaintiff's requested fees, or any portion thereof, are unreasonable. This is despite Plaintiff submitting a detailed and itemized list of services performed and corresponding fees incurred. *See* Pl.'s Mot., Ex. 2, ECF No. 27-3. For this reason alone, the Court should find that Plaintiff's requested fees *are* reasonable and award them in full.

## V. CONCLUSION

For all the foregoing reasons, the Court should award Plaintiff its reasonable attorneys' fees and costs in the amount requested in Plaintiff's Motion.

///

///

///

///

///

///

///

**RESPECTFULLY SUBMITTED** this 2nd day of January 2024.

**MILLS + WOODS LAW, PLLC**

By  /s/ Sean A. Woods
   Robert T. Mills
   Sean A. Woods
   5055 North 12th Street, Suite 101
   Phoenix, AZ 85014
   *Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2024, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Randy Nussbaum
Nussbaum@SacksTierney.com
Clifford J. Roth
Roth@SacksTierney.com
**SACKS TIERNEY P.A.**
4250 N Drinkwater Blvd., 4th Floor
Scottsdale, AZ 85251-3693
*Attorneys for Defendant Fyve, Inc.*

   /s/ Ben Dangerfield