IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dan D Peterson Living Trust Dated April 2, 2009,<br><br>    Plaintiff,<br><br>v.<br><br>Fyve LLC,<br><br>    Defendant. | No. CV-23-01874-PHX-JJT<br><br>**ORDER** |

At issue are the parties' cross-Motions for Attorneys' Fees and Costs (Docs. 26, 27). In them, both Plaintiff Dan D. Peterson Living Trust and Defendant Fyve, Inc. claim they were the "successful party" in this action and thus are entitled to attorneys' fees under A.R.S. § 12-341.01 and, as the "prevailing party," costs under Federal Rule of Civil Procedure 54(d)(1).

A.R.S. § 12-341.01 provides that the Court "may award" reasonable attorneys' fees to a successful party in a contract action. *Associated Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (1985). That includes actions arising from insurance contracts. *Progressive Classic Ins. Co. v. Blaud*, 132 P.2d 298, 304 (App. 2006). The Court has broad discretion in fixing the amount of the fee awarded. *Id.*; A.R.S. § 12-341.01 (B) ("The award . . . need not equal or relate to the attorney fees actually paid or contracted, but the award may not exceed the amount paid or agreed to be paid").

In applying § 12-341.01, the Court should consider the following factors: 1) the merits of the claims the unsuccessful party presented; 2) whether the parties could have

avoided or settled the litigation and whether "the successful party's efforts were completely superfluous in achieving the result"; 3) whether assessing fees against the unsuccessful party will cause an extreme hardship; 4) whether the successful party prevailed on all relief sought; 5) the novelty of the legal questions presented; 6) whether the claims or defenses previously had been adjudicated in Arizona; and 7) whether an award of attorneys' fees would discourage other parties with tenable claims from litigating legitimate contract issues for fear of incurring liability for substantial amounts of attorney fees. *Warner*, 694 P.2d at 1184.

This lawsuit began and ended with the Court's resolution of the parties' cross-Motions for Temporary Restraining Order and Preliminary Injunction (Docs. 2, 9), because the only relief Plaintiff sought in this action was declaratory and injunctive relief, which the Court provided in its Order resolving the parties' cross-Motions. (Doc. 22; *see also* Docs. 23, 24.) In that Order, the Court granted in part and denied in part each party's request for relief and enjoined each side in part. (Doc. 22 at 7–8.) The Court concluded that Plaintiff prevailed on its argument that it was the sole remaining owner and member of the Company at issue, but not on its argument regarding the remaining management structure. (Doc. 22 at 5.) The Court stated, "Although the parties seem to be in desperate need of resolution of a dispute between them that has become personal, both sides overreach in their requests for injunctive relief." (Doc. 22 at 6.) And, in entering injunctive relief in favor of each side in part, the Court required no bond under Federal Rule of Civil Procedure 65(c) because the Court "acknowledge[d] aspects of both parties' requests for injunctive relief." (Doc. 22 at 7.) In short, there was no "successful party" under § 12-341.01—or if there was, each party was successful in equal part—and the Court thus declines to consider the *Warner* factors in any further detail. Neither party is entitled to attorneys' fees under the statute.

Likewise, neither party is the sole "prevailing party" entitled to costs under Federal Rule of Civil Procedure 54(d)(1), but rather the parties' costs offset.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IT IS THEREFORE ORDERED** denying Defendant's Motion for Award of Attorneys' Fees (Doc. 26) and Plaintiff's Motion for Attorneys' Fees and Costs (Doc. 27).

Dated this 12th day of September, 2024.

*/s/ John J. Tuchi*
Honorable John J. Tuchi
United States District Judge